STATE BOARD OF EXAMINERS IN LAW v. JOHN T. BYRNES.[1]

July 29, 1904.

Nos. 13,890—(11).

**Attorney Suspended From Practice.**

Respondent found guilty of the charge of misconduct in his office as an attorney and counselor at law in the respects stated in the opinion.

Order issued from the supreme court upon the accusation and petition of Eli Southworth as secretary of the state board of examiners in law, requiring defendant, an attorney at law, to show cause why he should not be disbarred for professional misconduct. Order of judgment that defendant be suspended from practice before the courts for two years.

*E. Southworth,* for prosecution.

*Childs, Edgerton & Wickwire,* for respondent.

PER CURIAM.

Order to show cause why John T. Byrnes should not be removed for wilful misconduct from his office as an attorney and counselor. Several separate charges of misconduct were made against respondent, and evidence in support thereof taken and reported to the court by a referee appointed for that purpose. We have examined the evidence with special care, and find the respondent guilty of wilful misconduct in at least two respects.

1. One charge contained in the information is that some time prior to February, 1900, respondent was retained by Charles Brost, John Dougherty, Philip Rome, Casper Smith, and William Kickbush to defend them in a criminal prosecution then pending against them in the district court of Meeker county, in which they were. jointly accused by indictment of the crime of murder; that defendants therein agreed to pay him for his services the sum of $350, $175 thereof to be paid before the trial of the indictment, and $175 at its conclusion; that respondent agreed, in consideration of the payment of $350, to conduct

[1] Reported in 100 N. W. 645.

the defense in all the courts of the state, and also furnish the services of M. C. Brady, a prominent attorney residing at Minneapolis. Before the trial of the prosecution, defendants paid respondent $175, as provided by the contract. When the cause was called for trial, respondent caused defendant Kickbush to represent on oath to the court before which the prosecution was pending that he was without an attorney to defend him, and that he was unable to employ one, for the reason that he was without money or property with which to compensate him, and induced him also to request the court to appoint him (Byrnes) as his attorney at the expense of the county. Upon this statement being made to the court, and the court being led to believe that Kickbush was without an attorney and unable to employ one, an order was made appointing respondent and said Brady to defend him, and they thereafter received compensation therefor from the county.

The evidence tending to support this charge is practically undisputed, and we have no alternative but to find the charge true. Kickbush was a party to the contract under which respondent agreed to defend the persons so indicted, and respondent was under obligation to conduct his defense at the time the representation was made to the court that he had no attorney, and was unable to employ one. The fact that he was retained and engaged to defend Kickbush, or that he was under obligation to do so by the contract, was not communicated to the court. Kickbush was induced by respondent to represent the matter falsely to the court, and by his act the court was misled and deceived, for the judge before whom the prosecution was tried testified that, had he known of the previous employment of respondent, the appointment would not have been made. Upon conduct of this kind on the part of an attorney, we are unwilling to imprint the stamp of our approval.

2. Another charge which the evidence sustains is that on August 30, 1897, one Nettie Ward recovered a judgment in the justice court in Meeker county against Thomas and Honora Casey for the sum of $74.-89; the defendants not appearing before the justice. Thereafter defendants appealed from the judgment to the district court, and, while the cause was pending in that court, respondent was employed by plaintiff, Nettie Ward, to represent her in the action; that thereafter, on June 14, 1899, when the cause was called for trial in its order on the calendar of the district court, no one appearing for the plaintiff therein,

the action was ordered dismissed.   Some two years later, in February, 1901, respondent advised Thomas Casey, defendant in that action, to cause a judgment for costs and disbursements to be entered against the plaintiff therein, respondent's client.   Casey then stated to respondent that he was satisfied, and that he had won his case, and did not care for the costs and disbursements, but consented that, if respondent desired to enter judgment therefor and collect the same, he could do so.   Respondent upon that day drew up a bill of costs and disbursements, inserting therein items not properly taxable against his client, together with an affidavit that they were just and true, and caused Casey to sign the affidavit and notice of taxation, upon the back of which respondent admitted due service as plaintiff's attorney.   Respondent thereupon filed the statement of costs and disbursements and notice of taxation with the clerk of the district court, and caused the same to be taxed at the sum of $85.10.   He thereafter procured from the clerk of the district court an execution against his client for the amount of the costs so taxed, indorsing his name on the back as the attorney for the defendant Casey.   The execution was collected by the sheriff, and the amount paid to respondent, which, the evidence tends to show he appropriated to his own use.

As stated, there is no substantial controversy as to the facts respecting this charge.   Respondent was the attorney for plaintiff in the action referred to, and was charged with the duty of protecting her interests in every respect.   Instead of performing that duty, he goes to the opponent in the case, defendant, and induces him to cause judgment for costs and disbursements to be entered against his client, and to an amount in excess of what she was justly liable, which he collects from her and appropriates to his own use; and this in the face of the fact that, the defendant in that action, who had won his case and was satisfied with the result, did not care to have costs and disbursements taxed.   If we are to approve conduct of this sort on the part of attorneys, the door might as well be opened to every kind of disreputable conduct.

The only explanation given by respondent for his conduct in this matter is that, about the time he caused the costs to be taxed against his client, some person residing at Litchfield requested him, at the request of his client, who at that time had removed to North Dakota, to

have the matter settled and closed up, and that, to comply with this request, he suggested to defendant in the action that costs and disbursements be taxed, so that the matter could be brought to an end. But, in view of the fact clearly established by the evidence that the defendant disclaimed any right to costs and disbursements, and expressly informed respondent that he did not care to tax them, the excuse offered falls to the ground. If he had performed his duty to his client, he would have adopted the suggestion of defendant in that action, and procured from him a release of costs and disbursements, rather than induce him to tax and collect them. Defendant Casey testified that he received no part of the money collected, and he is corroborated, though respondent testified that, while he did not pay him the money, he gave him credit therefor on other transactions. This must be characterized as wilful misconduct, for which respondent should be disciplined.

We find the charges against respondent true in the two respects mentioned. While there is evidence as to the other charges, we find them not proven. The judgment of the court is that he be suspended from practicing as an attorney or counselor in any of the courts of this state for the period of two years. Let judgment be entered accordingly.