## STATE BOARD OF EXAMINERS IN LAW v. JOHN T. BYRNES.[1]

February 23, 1906.

No. 14,682.

Order issued from the supreme court upon the accusation and petition of Eli Southworth, as secretary of the state board of examiners in law, requiring defendant, as an attorney at law, to show cause why he should not be disbarred for professional misconduct. Motion to dismiss denied.

*E. Southworth*, for prosecution.

*Childs & Edgerton*, for respondent.

PER CURIAM.

Respondent, Byrnes, moves the court to dismiss the proceedings against him on the ground that he is not now an attorney and counselor under the laws of the state; he having been heretofore suspended by judgment of the court for the period of two years, which period has not yet expired. State Board of Examiners in Law v. Byrnes, 93 Minn. 131, 100 N. W. 645. The motion is denied. Respondent still holds his office as an attorney and is subject to the jurisdiction of the court. His former suspension operates simply to deprive him temporarily of the right to practice his profession.

Respondent also objects to the sufficiency of the accusations against him in this: That all thereof, save one, charge misconduct occurring prior to the commencement and determination of the charges upon which his former sus-

[1] Reported in 105 N. W. 965.

pension was predicated, and are merged therein. This objection is overruled. Proceedings to discipline attorneys for misconduct are in the interest of the public, and the failure of the prosecutor to include in a particular proceeding all acts of misconduct will not bar a subsequent proceeding for misconduct not included therein. The motive of those instrumental in the conduct of the proceedings may be a proper matter for consideration in connection with the evidence offered to establish respondent's guilt.

It is not necessary in proceedings of this kind that the accused attorney be given an opportunity to be heard before the board of law examiners, or the officer thereof who conducts the preliminary investigation.