## McBRAYER v. CRAVENS, DARGAN & ROBERTS. (No. 591–4062.)*

(Commission of Appeals of Texas, Section A. Nov. 12, 1924.)

**1. Attorney and client ⬅➡60—Suspension of attorney from practice does not eliminate him from membership in profession.**

The suspension of an attorney at law does not eliminate him from membership in the profession, but merely deprives him temporarily of right to practice his profession.

**2. Exemptions ⬅➡47—Books, rugs, and office furniture of attorney at law held exempt during suspension from practice.**

Under Rev. St. art. 3788, books, rugs, and office furniture of an attorney at law used by him in the practice of law *held* exempt from execution levied against them, notwithstanding his suspension for five years of right to practice, where it was his intention to resume practice as soon as possible.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by H. T. McBrayer against Cravens, Dargan & Roberts. The Court of Civil Appeals reversed judgment of district court for plaintiff (255 S. W. 994), and plaintiff brings error. Reversed, and judgment of district court affirmed.

Jno. R. Moore, of Archer City, for plaintiff in error.

McFarlane & McFarlane, of Graham, for defendants in error.

GERMAN, P. J. Prior to December 5, 1922, plaintiff in error, H. T. McBrayer, was a practicing attorney at law in Young county, Tex. On that date, by judgment of the district court of Young county, he was suspended from the practice of law in all courts of the state of Texas for a period of five years. James Cravens and others, having recovered a judgment against McBrayer in the county court at law of Harris county, caused execution to issue to Young county, and on January 5, 1923, the same was levied upon certain books and furniture belonging to plaintiff in error. At the time of the levy these books and the furniture were being used by McBrayer in the practice of law. This suit was instituted to prevent by injunction the sale of said property, plaintiff in error claiming that it was exempt to him from forced sale under article 3788 of the statutes. The trial court held it exempt and restrained the sale. The Court of Civil Appeals held to the contrary. 255 S. W. 994.

[1, 2] Our statute exempts to a single person "all tools, apparatus, and books belonging to any trade or profession." To claim the benefit of this exemption a lawyer does not necessarily have to be engaged in the practice of law at the very time a levy is made upon the tools, apparatus, and books of his profession. It is enough if he belongs to the profession and intends to use these things in his profession. There is a wide difference between the rights of an attorney who has been disbarred and one who has only been suspended. Suspension does not deprive an attorney of his office, but operates to deprive him temporarily of the right to practice his profession. In re Byrnes, 97, Minn. 534, 105 N. W. 965; 6 C. J. 614. He remains a member of the profession, but has no right to engage in the practice during the period of suspension. The books and furniture used by him in the practice continue to "belong to the profession," although for the time being he may not be permitted to use them in the active practice. The trial court found that it was the intention of McBrayer to resume the law practice as soon as possible. Application of the exemption laws of this state must be determined by fixed principles, and it therefore occurs to us that if suspension from the use of exempt property was sufficient to cause it to lose its exempt character, then suspension for one day would have exactly the same effect as suspension for five years.

The suspension or disbarment of an attorney is not intended as a punishment, but is intended as a measure of protection to the public and in a certain sense for the protection of the profession. We agree that the offenses charged against plaintiff in error were reprehensible to the greatest degree; but the court, in this proceeding, was not authorized to add to or take from the penalty affixed in the disbarment proceeding. The application of the exemption laws of this state cannot be made to depend upon the moral merit of the one claiming their benefit. Plaintiff in error may be subject to indictment for violation of the criminal laws, and may be unworthy to again enter the practice of law, but the tribunal invested with the duty of passing upon this question has only temporarily suspended him from the practice; and his right to claim the privileges accorded by our exemption laws must be determined in the light of that judgment, and its effect.

The trial court has found that the books, bookcases, desk, filing cabinet, chairs and rugs, and such items as are described in the return on execution, were necessary and proper equipment in the office of plaintiff in error for the practice of law, and work connected therewith. We think they are such items of property as are exempt within the contemplation of the law.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed and the judgment of the district court be in all things affirmed.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Rehearing denied December 20, 1924.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.