UNITED STATES of America,
Plaintiff–Appellee,

v.

**Juan Lazara ESTRADA,
Defendant–Appellant.**

No. 89–5521
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 14, 1989.

M. Carolyn Fuentes, Asst. Federal Public Defender, Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Mrs. LeRoy M. Jahn, Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

**824**

GEE, Circuit Judge:

In 1982, defendant-appellant Juan Estrada pleaded guilty to distributing heroin and carrying a firearm during the commission of a felony. Estrada was sentenced to a prison term and was also ordered to pay a $7,200 committed fine. In 1988, Estrada was transferred from a federal prison to the Halfway House of San Antonio. Due to an administrative error, he was released from the Halfway House before he paid his committed fine.

Estrada then sought permission from the magistrate for the Western District of Texas to be declared a pauper pursuant to 18 U.S.C. § 3569 to secure his permanent release from the Halfway House. Under 18 U.S.C. § 3569, a convict can secure his release from prison before paying a committed fine by taking the pauper's oath. The magistrate found that Estrada did not qualify as a pauper under the statute. The district court approved the magistrate's findings and denied Estrada permission to take the oath. Estrada filed a timely notice of appeal. We affirm the order of the district court.

Estrada argues that the district judge erred in denying his application for permission to take the pauper's oath. Under 18 U.S.C. § 3569 if an indigent convict has been sentenced to serve a prison term and pay a fine and he remains imprisoned solely for nonpayment of the fine, he may secure his release by taking the "pauper's oath" before a magistrate.[1] Under the statute, a qualified prisoner can be discharged from prison before paying the fine. To qualify, a prisoner must show that he cannot pay the fine and "that he has not any property exceeding $20 in value, except such as is by law exempt from being taken on execution for debt ..." Estrada argues that the magistrate, whose findings were upheld by the district court, erred in determining Estrada owned nonexempt property exceeding $20 in value. Specifically, Estrada objects to the magistrate's finding that an inoperable backhoe and front loader was not exempt from execution for debt; that Estrada had fraudulently transferred a five acre tract of land adjacent to his property; and that Estrada's possession of $141, which he was willing to tender to the government, rendered him ineligible to take the pauper's oath.

The district court's findings of fact will not be set aside unless "clearly erroneous." Fed.R.Civ.P. 52(a). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). The district court's findings cannot be clearly erroneous if the factual determinations "are based on ... reasonable interpretation or inferences from the testimony or other evidence." *Campos v. City of Baytown, Tex.*, 840 F.2d 1240, 1243–1244 (5th Cir.1988).

Under Texas law equipment "used in a trade or profession" is exempt from seizure for the satisfaction of debts. Tex.Prop. Code.Ann. § 42.002(3)(B). The magistrate found that an inoperable backhoe and front end loader valued at $5,000 was not used in Estrada's business and was not, therefore, exempt from seizure. Estrada argues that the mere inoperability of the backhoe and front end loader does not destroy its status as exempt property. In support of this argument Estrada cites *McBrayer v. Cravens, Dargan & Roberts*, 265 S.W. 694 (Commission of Appeals of Texas, 1924).

In *McBrayer* the court held that books and office equipment owned by an attorney who was suspended from practice were exempt from seizure. The court held that "[t]o claim the benefit of this exemption a lawyer does not necessarily have to be engaged in the practice of law at the very time a levy is made upon the tools, apparatus, and books of his profession. *It is enough if he belongs to the profession and intends to use these things in his profession." Id.* at 694 (emphasis added). In reaching this conclusion the court noted the "wide difference between the rights of an

---

**1.** Although § 3569 has been repealed, it was in effect when the court imposed the committed fine and both parties agree that its provisions govern Estrada's case.

attorney who has been disbarred and one who has only been suspended." The court also noted that "[t]he trial court found that it was the intention of McBrayer to resume the law practice as soon as possible."

Under *McBrayer*, Estrada's argument that *mere* inoperability of the backhoe and front end loader did not destroy its status as exempt property is correct. In this case, however, in addition to finding that the property was inoperable the magistrate noted "[t]here is no testimony that the inoperable backhoe and front end loader will be repaired or how long it has been inoperable...." Given this fact, the magistrate's finding that "it can reasonably be inferred [that the backhoe and front end loader] has been abandoned for business use and [is], therefore, not exempt" is not clearly erroneous. Since this property is valued at $5,000, Estrada owns non-exempt property worth more than $20 and does not qualify to take the pauper's oath. Given this finding, we need not consider whether the other items owned by Estrada should be exempt for purposes of the pauper's oath. The judgment of the district court is, therefore,

AFFIRMED.