# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2011

Lyle W. Cayce
Clerk

No. 10-30942
Summary Calendar

ANTHONY DEWAYNE PARKER,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:09-CV-2148

Before JONES, Chief Judge, and SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony Dewayne Parker, federal prisoner # 13620-076, is serving a 327-month sentence for being a felon in possession of a firearm. He appeals the district court's dismissal of a petition that he filed pursuant to 28 U.S.C. § 2241. He argues that the district court should have interpreted the pleading as arising under 18 U.S.C. § 3569 because he alleged that he was being imprisoned for the nonpayment of a fine. Parker also contends that the district court failed to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address the merits of his constitutional claim and to conduct an evidentiary hearing to examine the basis for his claim.

The record supports that the district court reasonably could have construed Parker's pleading as arising under § 2241. Parker requested a habeas petition from the court and filed a petition pursuant to § 2241 that ostensibly raised claims regarding sentencing that are cognizable in a habeas petition. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (noting that federal habeas petitions are used to challenge the imposition or execution of a sentence). The court could not construe Parker's sentencing claims as arising under 28 U.S.C. § 2255 because he had previously filed § 2255 motions challenging his instant conviction. *See Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). To the extent that the court concluded that the petition did not qualify for the "savings clause" of § 2255, Parker has effectively waived any challenge to that determination by not addressing it. *See Brinkmann v. Dallas County. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, to the extent that the petition was dismissed for lack of jurisdiction, the district court was not required to address the merits of Parker's claims or to conduct an evidentiary hearing regarding the claims.

Parker's assertion that the court should have construed his petition as arising under § 3569 lacks merit. Section 3569 established a procedure whereby an indigent prisoner could obtain release from imprisonment if he were being held solely for the non-payment of a fine. *United States v. Estrada*, 878 F.2d 823, 824 (5th Cir. 1989). Section 3569 was repealed in 1984, effective November 1, 1987. *See* 18 U.S.C.A. Pt. II, Ch. 227, preceding § 3551 (West 2010).

Parker is not imprisoned for the non-payment of a fine or any other debt. Parker also was convicted in 2001, i.e., after the repeal of § 3569 took effect. Accordingly, if Parker's petition was a motion under § 3569, it would have been subject to dismissal by the district court as an unauthorized motion over which the court lacked jurisdiction. *See United States v. Early*, 27 F.3d 140, 141 (5th

No. 10-30942

Cir. 1994). The district court could not construe the pleading as something over which it lacked jurisdiction.  *See Hooker*, 187 F.3d at 681-82.

AFFIRMED