STATE, Respondent, v. JOHNSON, Appellant

(265 N. W. 599.)

(File No. 7871. Opinion filed March 7, 1936.)

*Roscoe Satterlee*, of Mitchell, for Appellant.

*Walter Conway*, Atty. Gen., and *T. E. Eastman*, Asst. Atty. Gen., for the State.

POLLEY, P.J. Appellant was tried upon a criminal charge in the circuit court of Aurora county. Mr. E. E. Sullivan of Sioux Falls, at one time a member of the South Dakota Bar, appeared as attorney for appellant. When the case was called for trial Mr. Sullivan, and the state's lawyer for the county, proceeded to impanel a jury.

The defendant was in ill health at the time, being afflicted with the malady known as diabetes, and was using insulin for such disease. After the selection of the jury, Mr. Sullivan made a motion for adjournment, which was as follows: "At this time the defendant moves that this matter be continued or adjourned for the reason that the physical condition of the defendant is such that it is impossible for him to go on with the trial without seriously endangering his health and life and for the further reason that in his present condition he is unable to comprehend or understand

what is going on in court or follow what is taking place in connection with his case or to understand or reason in regard to the evidence of the case and by reason of that fact to permit the case to proceed with the defendant in that condition would be to deprive him of his constitutional right to be present during the trial of his case, that is in fact present to the extent that he understands the nature of the proceedings and the evidence so that he can properly defend himself."

To this motion the trial court replied as follows: "The motion is denied on the ground and for the reason that this morning when this case was called for trial, or shortly prior thereto, the defendant self-induced an insulin reaction by injecting into his blood stream hypodermically a substance commonly known as insulin and which is used in the treatment of the disease known as diabetes and that the court adjourned the trial of this case and the selection of the jury for approximately half an hour this morning while the defendant submitted to the treatment of a physician called by himself; that the trial was then resumed to the extent that the jury were selected until the noon hour in the presence of the defendant and his counsel and that during the noon hour the defendant went to a dentist and had this dentist extract one of his teeth; that following the extraction of this tooth the defendant was sick and ill and again called his general physician who reported to the court in the presence of defendant's counsel, that while the defendant was ill as a result of the tooth extraction and as a result of the induction of insulin, that he would be ready to proceed with the trial of this case at three o'clock P. M.; that the court thereupon adjourned court from one-thirty P. M. to three o'clock P. M., at which time the defendant appeared with his attorney and completed the selection of the jury; that this motion for continuance is made by defendant following the drawing of the jury and after the conclusion of opening statements by the state's attorney and defendant's counsel; that all proceedings up to this moment have been taken without objection on the part of either defendant or his counsel so far as is known to the court, and without any motion or application for continuance having been made on the ground of defendant's physical condition; that the defendant is now sitting in court, occupying a chair to which he walked unassisted and without displaying any

evidence of physical affliction; the court has no desire to injure the defendant and is only proceeding in this matter after having advised with the physician who was employed by the defendant and only then after having been informed by defendant's physician that his condition was not such as would render it dangerous to him physically or otherwise to be present in court and the denial of defendant's motion is made by the court with full knowledge that this defendant is suffering from an ailment known as diabetes, which the court is advised and informed he has been afflicted with for several years to this date."

To this ruling counsel took exceptions, to which the court further replied: "The court does not intend and did not intend to make a part of this record any statement that the taking of this insulin by the defendant was for the purpose of delay. I think the court merely recited, and if not, now recites simply the bare fact that the defendant himself did administer this insulin, for what purpose the court is not advised and is not concerned. The motion is denied."

The trial was not finished that day, and on the following morning defendant employed Mr. Roscoe Satterlee, attorney at law, of Mitchell, as an additional attorney to assist in the trial of the case.

Defendant was convicted, motion for a new trial was denied, and he appeals to this court.

■ Defendant asks a reversal of the judgment on two grounds only. First. That defendant was, because of his illness, unable to be present in court during the trial, and for that reason did not have a fair trial. This ground is not substantiated by any fact. The court had an opportunity to observe the defendant and was of the opinion that he was able to be present at the trial. This opinion was corroborated by the personal physician of the defendant, who was in attendance at the trial. He expressed the opinion that defendant's condition was not such as to render it dangerous to him, physically or otherwise, to be present in court during the trial, and it is not claimed that defendant did suffer in any manner because of his presence in court. Therefore, it cannot be said that he was prejudiced by the denial of his motion for adjournment.

■ The second ground upon which prejudice is predicated is that some time after the trial, the record does not show just

when, it was learned that Mr. Sullivan, who conducted the defense the first day of the trial, had been disbarred some months before that time and had never been reinstated. This is true, but it was not known to the trial judge at that time, and there is nothing in the record that shows, or tends to show, that defendant's rights were not fully protected while Mr. Sullivan was in sole charge of the case. While Mr. Sullivan may have deceived the court and his client and thereby subjected himself to the discipline of the court, this fact alone would not entitle defendant to a new trial, unless it appeared that his rights had been prejudiced in some manner by the deception of his counsel.

Finding no prejudicial error in the record, a new trial is denied.

The judgment and order appealed from are affirmed.

All the Judges concur.