No. 32,625

The State of Kansas, *Appellee*, v. Jimmy Deruy and James Higgins, *Appellants*.

(56 P. 2d 57)

Opinion filed April 11, 1936.

*Robert S. Lemon*, of Pittsburg, for the appellants.

*Clarence V. Beck*, attorney general, *Theo. F. Varner*, assistant attorney general, and *Ben L. Humphreys*, assistant county attorney, for the appellee.

The opinion of the court was delivered by

Burch, C. J.: Defendants were convicted of forcible rape, and appeal.

The victim was eighteen years old. Deruy was thirty-two years old, and Higgins was twenty-seven years old. Both had criminal records, and evidently were sexual perverts. When Higgins alone

was unable to conquer the victim, he held her while Deruy ravished her, and then Deruy held her while Higgins ravished her. She was then returned to the vicinity of her home, where she was admonished by defendants that if she told what had occurred, they would kill her. As a result of her mistreatment, she contracted a venereal disease.

In the brief, defendants argue two propositions based on the same premise, that defendants were not represented by qualified counsel. The propositions are stated as follows:

"1. The defendants were not represented by counsel qualified to practice law as provided in the constitution of the state of Kansas in the bill of rights, and that the court permitted one not admitted to practice in the supreme court or inferior courts to appear as counsel for the defendants.

"2. That evidence and testimony was permitted to be introduced by the court which substantially prejudiced the rights of these defendants and which, if properly objected to by competent counsel, would have been excluded, or which if the court, considering the defendants were represented by one not admitted to the practice of law should have excluded on his own motion in the protection of the rights of these defendants."

The facts are these: At the preliminary examination the defendants were represented by an attorney of this state, who at the time of trial had become county attorney, and who did not participate in the trial. The trial occupied parts of two days. The record shows that on the first day, when defendants were arraigned and subsequently, they were represented by Wayne Phelps, who was a qualified attorney of this state, and by Olin Biggs. The state closed its case at 4:35 o'clock in the afternoon. The opening statement for defendants was made by Biggs, and defendants introduced evidence until 5 p. m., when court adjourned until 9 a. m., the following day. When court reconvened, defendants introduced evidence until 9:45 a. m., when they closed their case. The state introduced rebuttal evidence, the court instructed the jury, the case was argued, and the case was submitted to the jury before noon. Phelps was not present the second day.

Biggs was a Missouri lawyer. He was forty-one years old, was admitted to practice before the supreme court and all inferior courts of the state of Missouri on July 15, 1918, and for many years before trial of this case had been engaged in active practice of law in Missouri. In January, 1935, Biggs made application for admission to practice in this state. The application was held under advisement

until June, and on June 17, 1935, he was formally admitted to practice in this state.

. The trial occurred on June 4 and 5, 1935. On June 6, Deruy filed a motion for new trial, signed by Robert S. Lemon, an attorney of this state, who represents him here. The tenth ground of the motion was, that Deruy did not have the aid of counsel when arraigned or during the trial. On June 7 Biggs filed a motion for new trial on behalf of Higgins, containing thirteen grounds. The thirteenth ground was the same as the tenth ground of Deruy's motion. The motions were heard on June 29, 1935, after Biggs had been admitted to practice in this state. The record does not show that any evidence was introduced in support of the motions. The motions were denied, and on the same day, sentence was regularly imposed.

The result of the foregoing is, defendants were, in fact, represented at every stage of the case by attorneys admitted to practice law in this state, except that for a time during the forenoon of June 5 they were represented by Biggs alone. Biggs was a lawyer of experience, who would have been recognized by the court, on request, for purpose of the trial. The record does not show that any of the evidence of which complaint is now made was introduced on the second day of the trial. No complaint is made of the court's instructions to the jury, and Biggs' sole fault appears to have been that he did not make as many objections to the introduction of evidence as Mr. Lemon would have made had he been trying the case. Sometimes it is a part of the strategy of the defense not to make too much fuss about details in the trial of a nasty case.

The evidence admitted without objection will not be reviewed. Defendants suffered no prejudice to their substantial rights, and the judgment of the district court is affirmed.