**Cecil D. MAYS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 4940.**

United States Court of Appeals Tenth Circuit.

Oct. 12, 1954.

Cecil D. Mays pro se.

William C. Farmer, U. S. Atty., Wichita, Kan., Selby S. Soward, Asst. U. S. Atty., Topeka, Kan., for appellee.

Before PHILLIPS, Chief Judge, PICKETT, Circuit Judge, and RITTER, District Judge.

PER CURIAM.

This is an appeal from an order of the United States District Court of Kansas, denying appellant's motion to vacate a judgment and sentence entered in that court without a hearing. The motion was treated as having been filed under 28 U.S.C.A. § 2255. Appellant entered a plea of guilty to an indictment charging him with the unlawful possession of narcotics in violation of 26 U.S.C.A. § 2553(a). Upon a plea of guilty, he was sentenced to serve a term of five years in prison.

The motion alleges that the judgment and sentence is void because appellant was deprived of effective aid and assistance of counsel; that the attorney, George Haley, who appeared with the appellant at the time the plea of guilty was entered, was not admitted to practice in the State and Federal Courts of Kansas; and that the attorney induced

him to enter a plea of guilty by trickery and fraud. The record does not disclose whether the attorney was appointed by the court or was of the appellant's own selection. The record does not contain a transcript of the proceedings at the time the plea was entered. The judgment and sentence recite that the defendant was represented "by counsel George Haley for Myles Stevens". We do not mean to indicate that a prisoner is entitled to a hearing on a motion filed under Section 2255 in all cases where it is alleged that he received ineffective aid and assistance of counsel, but under the allegations of this motion we believe that the appellant should be entitled to show all the facts and circumstances concerning the representation which he had at the time he entered his plea of guilty. Wheatley v. United States, 10 Cir., 198 F.2d 325.

The order denying the motion without a hearing is reversed, and the cause is remanded with instructions to grant a hearing on the motion.