(No. 34353.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER COX, Plaintiff in Error.

*Opinion filed November 20, 1957.*

266

JOHN J. DOBRY, and ALLEN M. QUINN, both of Chicago, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, JOHN T. GALLAGHER, BRUCE E. KAUF-

MAN, L. LOUIS KARTON, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. JUSTICE DAILY delivered the opinion of the court:

Walter Cox, to whom we shall refer as defendant, was found guilty of murder after a trial by jury in the criminal court of Cook County and was sentenced to serve 14 years in the Illinois State Reformatory. Five years later, in 1955, his petition seeking relief under the Post-Conviction Hearing Act was dismissed after a hearing on the merits. To review that judgment of dismissal we have allowed a writ of error and have appointed counsel to represent the defendant in this court.

The facts are not in serious dispute. At the time of arraignment and trial, defendant, then only 14 years of age, was represented by one E. A. Simmons, who was employed by defendant's mother after he had come to her home to solicit the cause and represented to her that he was an attorney licensed to practice law in Illinois. Immediately prior to the trial itself, Simmons invited Homer Griffin, a newly-licensed Illinois attorney, to assist him for the experience. While the record leaves in doubt the question of whether Simmons and Griffin had a closer relationship than the mere sharing of office space, it clearly shows that Griffin was not retained by either defendant or his mother, that they saw him for the first time when he appeared at the trial, that he received no pay for his services, although Simmons was paid, and that Griffin's participation in the five-day trial was limited to the examination of one panel of veniremen, the making of an opening statement and the presentation of argument in support of a motion for a new trial. Although Simmons maintained an office and held himself out to the public as a duly licensed attorney, the proof developed in this proceeding revealed his name had never appeared on the roll of attorneys licensed by this court. Whether he ever had been admitted to the bar

of any State, or whether he had ever received formal education in the law is unanswered in this record. Simmons's questionable status as an attorney was, however, unknown to the defendant, to his mother, or to anyone who participated in the trial and did not become public knowledge until five years later when Simmons was indicted in Cook County for the unauthorized practice of law. Upon learning of the charges against Simmons, defendant instituted this proceeding praying for the judgment of conviction to be vacated and for a new trial.

This being a case where relief is sought under the Post-Conviction Hearing Act, we are concerned only with the question of whether defendant has been convicted and incarcerated in violation of his constitutional rights. (Ill. Rev. Stat. 1955, chap. 38, par. 826; *People* v. *Bernatowicz,* 413 Ill. 181.) Defendant makes no direct assertion that Simmons's apparent fraud prejudiced his defense, or that he suffered a disadvantage, but contends that he was denied a fair trial and deprived of his constitutional right to counsel solely because Simmons was not an attorney licensed to practice law before the bar in this State. The People, on the other hand, insist that a license to practice law is not a criterion for determining whether a convicted person has been deprived of his right to counsel, and urge that defendant's representation at his trial was not of such low quality as to amount to a denial of due process of law.

Defendant's contention that the constitution guarantees representation in a criminal proceeding by a duly licensed attorney is bottomed, in part, upon the sixth amendment to the constitution of the United States and upon those cases which hold that while the due-process clause of the fourteenth amendment does not incorporate, as such, the specific guarantees found in the sixth amendment, the denial by a State of the privileges or rights specifically embodied in that amendment may, in a given case, operate to deny a defendant due process of law. (*Betts* v. *Brady,*

316 U.S. 455, 86 L. ed. 1595; *People* v. *Pring*, 414 Ill. 63.) To this extent, therefore, the meaning of the sixth amendment is essential to the defendant's contention. The direction of the sixth amendment is that in all criminal prosecutions "the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense." Within our own constitution, also relied upon by defendant, it is provided: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, * * *." (Const. of Ill. 1870, art. II, sec. 9.) Restated in the light of the constitutional language, it is the defendant's contention that whether the foregoing provisions are read alone, or with reference to the due-process clauses of the respective constitutions, they are satisfied only if the counsel referred to is an attorney duly licensed to practice law.

We must agree with the defendant that the term "counsel," as it is employed in the constitutional provisions relied upon, means a duly licensed and qualified lawyer, and not an attorney in fact or a layman. Numerous courts looking to the sixth amendment and construing comparable provisions of State constitutions have expressly held this to be true, (see: *Higgins* v. *Parker*, 354 Mo. 888, 191 S.W.2d 668; *Harkins* v. *Murphy*, 51 Tex. Civ. App. 568, 112 S.W. 136; *State* v. *Russell*, 83 Wis. 330, 53 N.W. 441; *Baker* v. *State*, 90 Okla. Cr. 62, 130 Pac. 820; *Achtien* v. *Dowd*, 117 F.2d 989,) and many others have implied it in appraising constitutional rights to counsel in a criminal prosecution. (See: *Powell* v. *Alabama*, 287 U.S. 45, 77 L. ed. 158; *United States ex rel. Weber* v. *Ragen*, 176 F.2d 579; *United States ex rel. Skinner* v. *Robinson*, 105 F. Supp. 153; *United States ex rel. Hall* v. *Ragen*, 60 F. Supp. 820.) Within our own jurisdiction the decisions of this court leave little room for any other conclusion, for we have said many times that the right to counsel is not a mere formality, but contemplates that only qualified persons will be permitted to

defend in a court of justice the life or liberty of a person charged with a crime. (*People* v. *Morris,* 3 Ill.2d 437; *People* v. *Pring,* 414 Ill. 63; *People* v. *Hoffman,* 379 Ill. 318; *People* v. *Nitti,* 312 Ill. 73.) Likewise our standard that counsel appointed by the court to defend in a criminal proceeding must have sufficient experience and ability to fairly represent the defendant, (*People* v. *Blevins,* 251 Ill. 381; *People* v. *Morris,* 3 Ill.2d 437,) tends to recognize that the right to counsel afforded by both constitutions is to be read in terms of a duly licensed attorney.

This does not mean, however, that an accused who has been represented by one other than a licensed attorney may claim, *ipso facto,* that he has been deprived of his constitutional rights. Since *Johnson* v. *Zerbst,* 304 U.S. 458, 82 L. ed. 1461, and *Adams* v. *United States ex rel. McCann,* 317 U.S. 269, 87 L. ed. 268, it has been clear that the right to assistance of counsel afforded by the sixth amendment may be waived by a defendant whose education and experience qualifies him to make an intelligent choice. This court has subscribed to the same view in *People* v. *Ephraim,* 411 Ill. 118, wherein it is pointed out that the constitution does not force a lawyer upon a defendant, but leaves to him the privilege of foregoing the assistance of counsel so long as he knows what he is doing and his choice is made with open eyes. (See also: *People* v. *Wilson,* 399 Ill. 437.) It follows that an accused may likewise waive his right to representation by one licensed to practice law.

Nor can it be said that due process of law is violated under the circumstance, standing alone, that an accused's counsel was not a licensed attorney. In *Betts* v. *Brady,* 316 U.S. 455, 86 L. ed. 1595, the court, after making it clear that the due-process clause of the fourteenth amendment does not incorporate the guarantees of the sixth amendment to the extent that the States are obligated to furnish counsel in every case in which an accused is unable to do so, went on to say that what the due-process provision

does prohibit is the conviction and imprisonment of one whose trial is offensive to the common and fundamental ideas of fairness and right. The court then concluded that while want of counsel in a particular case may result in a conviction lacking in such fundamental fairness, the fourteenth amendment does not embody an inexorable command that no trial can ever be fairly conducted and justice accorded a defendant who is not represented by counsel. Thus, in the present case, the test of due process is not whether the defendant had an attorney, licensed or unlicensed, but whether, under all the circumstances of the case, his conviction was obtained in such a manner as to be offensive to the common and fundamental ideas of what is fair and what is right.

It has never been considered the duty of the court to advise or exercise any authority or control over the selection of counsel by an accused who is able and does employ a lawyer of his choice. (*People* v. *Barnes,* 270 Ill. 574.) For that reason we have consistently held that when a defendant selects his own attorney, or where, as an intelligent and competent person, he acquiesces in the selection by another, he is himself responsible if that counsel does not faithfully serve his interests, and he cannot later contend he was denied due process of law because of his lawyer's shortcomings, unless the representation was of such caliber as to reduce the proceedings to a farce or a sham. (*People* v. *Clark,* 7 Ill.2d 163; *People* v. *Hierens,* 4 Ill.2d 131; *People* v. *Morris,* 3 Ill.2d 437; *Mitchell* v. *People,* 411 407; *People* v. *Ephraim,* 411 Ill. 118; *People* v. *Ney,* 349 Ill. 172.) The same rule must apply where the defendant's chosen attorney later proves to be only an attorney in fact or a layman, for if it were otherwise, an accused would be tempted to seek unlicensed and unqualified representation in the hope of gaining acquittal, but with the assurance of gaining a new trial even if convicted. (Cf. *Mitchell* v. *People,* 411 Ill. 407.) Under this rule a defendant is not

deprived of his right to counsel but is, rather, encouraged to make a more careful selection. At the same time the opportunities to embarrass the effective prosecution of crime in such manner are reduced to a minimum. A violation of due process does not result, therefore, from the single circumstance, unaided by other facts, that the counsel of a defendant's choice is later proved to be unlicensed to practice law before the court in which the trial occurred. See: *Mays* v. *United States,* 216 F.2d 186.

There remains for our determination, first, the question of whether there was a waiver of the right to be defended by a licensed attorney and, second, whether the lack of a licensed attorney operated to deny the defendant due process of law under the facts of this case. The record presented to us reveals that Simmons was employed by defendant's mother and, as would be expected in the case of a 14-year-old child, that her selection was made without the defendant's knowledge or consent. There is no showing that the mother was so uneducated or inexperienced that she could not intelligently select counsel, or that she was incapable of making the inquiries concerning Simmons's qualifications and ability that ordinary prudence would require. Under such circumstances, even though it is to be realized that defendant's acquiescence in Simmons stemmed from parental obedience rather than voluntary acceptance, we have no choice other than to hold that the right to be defended by a licensed attorney, as embodied in section 9 of article II of our constitution, was effectively waived and that such waiver was binding on the defendant. Were we to hold otherwise, every minor defendant convicted of a crime could, upon coming of age, disclaim acquiescence in his counsel, whether such counsel had been employed by his parents or appointed by the court. However, even without exploring the issue of whether defendant's representation was such as to reduce the trial to a sham or farce, it is our opinion that the total facts, peculiar to this case, disclose a

violation of the ideas of fundamental fairness and right which attach to present-day concepts of due process of law.

As is true of all courts, we have always striven to protect those who, because of their youth or inexperience, cannot be expected to adequately act for themselves when faced with the complexities of a criminal prosecution and the serious consequences attending violations of criminal law. (*Angelo* v. *People,* 96 Ill. 209; *People* v. *Lang,* 402 Ill. 170; *People* v. *Lewis,* 413 Ill. 116.) Citing *Commonwealth ex rel. Perino* v. *Burke,* 175 Pa. Super. 291, 104 A.2d 163, the People assert that the youthfulness of a defendant does not establish any element of unfairness, even where he had no counsel at all, and urge that it should not be considered in this case. Such argument is unpersuasive, however, particularly where the facts of the case relied upon show that the 20-year-old defendant, who was tried for larceny, had previously experienced criminal proceedings. In the present case we are confronted with a 14-year-old defendant charged with murder, one of the most serious offenses against society and one in which the extreme penalty of death may be exacted. So serious, in fact, that our Criminal Code directed the trial court to assign competent counsel to defendant if it appeared he could not procure an attorney to defend him. (Ill. Rev. Stat. 1949, chap. 38, par. 730.) When we consider, first, that defendant could not choose and select for himself but was utterly dependent on others to act for him and, second, the manner in which his counsel was selected, it seems to us, from this combination of circumstances, not to be fundamentally fair and right that he should be ultimately defended on so serious a charge by one whose right and qualifications to act are now clouded with doubt.

We are not unmindful that Homer Griffin, a licensed Illinois lawyer, was also an attorney of record, a fact which is urged upon us by the People as curing any charge that Simmons's lack of qualifications constituted a denial of due

274

process of law. While the cases cited in support of this contention leave no doubt that due process would have been satisfied had Griffin's participation been of a continuing and substantial nature, (see: *Higgins* v. *Parker,* 354 Mo. 888, 191 S.W.2d 668, where a layman posing as defendant's lawyer was assisted by a regularly licensed lawyer; *State* v. *Johnson,* 64 S.D. 162, 265 N.W. 597, where a disbarred lawyer was assisted by a qualified attorney; and *State* v. *Deruy,* 143 Kan. 590, 56 P.2d 57, where counsel consisted of a Kansas lawyer and a Missouri lawyer not licensed to practice in Kansas,) there is an express finding by the trial court in this case, which we find to be supported by the record, "that Griffin's participation in the case did not amount to representation of Walter Cox within the constitutional concept of representation by counsel."

For the reasons stated, it is our judgment that the total facts of this case are to be construed as showing that defendant's conviction and subsequent imprisonment resulted under circumstances which violate the concept of fundamental fairness and right. Therefore the judgment of the criminal court of Cook County is reversed and the cause is remanded to that court with directions to vacate the original judgment and to grant a new trial.

*Reversed and remanded, with directions.*