**John William FARR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 17632-4.**

United States District Court, W. D. Missouri, W. D.

June 30, 1970.

Austin F. Shute, Kansas City, Mo., for petitioner.

Bert C. Hurn, U. S. Dist. Atty., Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER DENYING MOTION TO SET ASIDE JUDGMENT OF CONVICTION AND TO VACATE SENTENCE

ELMO B. HUNTER, District Judge.

Petitioner, a convicted inmate of the United States Penitentiary at Atlanta, Georgia, has filed in forma pauperis a motion under 28 U.S.C. § 2255 to set aside two judgments of conviction and to vacate sentences imposed by this Court. Leave to proceed in forma pauperis was granted by the Court in an order entered August 29, 1969, and counsel was appointed to represent petitioner on October 9, 1969.

On June 17, 1955, petitioner was sentenced by this Court to a total term of twenty-five years imprisonment following the entry of his guilty pleas to violations of 18 U.S.C. § 2113 (bank robbery). In Case No. 19,197, petitioner was charged with the robbery by force and violence of the First State Bank of Buckner, Missouri. He received a term of ten years imprisonment on that charge. In Case No. 19,219, petitioner received a fifteen year consecutive sentence for the robbery by force and violence of the Farmers and Merchants Bank of Eureka, Missouri, in the Eastern District of Missouri. On April 15, 1965, petitioner was paroled on these charges, but shortly thereafter a parole violator's warrant was issued. That warrant has not yet been executed. Although petitioner is presently serving a concurrent term of imprisonment imposed by the United States District Court for the Eastern District of Louisiana for violations of 18 U.S.C. § 2312 (Dyer Act), petitioner is "in custody" under the teachings of Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426, and is, therefore, entitled to maintain this Section 2255 action.

In addition to the brief filed by his court-appointed attorney, petitioner has filed voluminous pleadings during the course of this proceeding. However, in support of his Section 2255 motion, petitioner raises three basic contentions:

(1) that, prior to the execution of waivers of indictment in his criminal cases in this Court, petitioner was not advised of certain matters as required by Rule 7(b), F.R.Crim.P.; (2) that petitioner was not advised of the consequences of his pleas of guilty in those cases, nor did the Court make other proper inquiry concerning the entry of those pleas as required by Rule 11, F.R.Crim.P.; and (3) that the Rule 20 proceedings in Case No. 19,219 were invalid because petitioner had not been provided with a copy of the information in that case until after he had waived indictment and consented to transfer under Rule 20. Additionally, petitioner also contends: (1) that the attorney-client privilege will be violated should the Court consider certain testimony adduced by his court-appointed attorney during the evidentiary hearing held in this case, and (2) that the proceedings in Cases Nos. 19,197 and 19,219 were invalid because his attorney was not, at that time, a member of the Federal Bar.

The transcript of Cases Nos. 19,197 and 19,219 reveals, *inter alia,* the following: That on May 13, 1955, petitioner appeared in this Court with his court-appointed attorney, John F. Ingraham, for arraignment in Case No. 19,197; that at the opening of that proceeding it was indicated by the Assistant United States Attorney that petitioner was charged with the robbery of the First State Bank of Buckner, Missouri, on May 5, 1955; that counsel for the petitioner indicated petitioner's desire to waive indictment in this case and proceed by way of information; that petitioner's counsel then indicated that such procedure had been explained to the petitioner; that petitioner signed a waiver of indictment in Case No. 19,197; that the information charging petitioner with the robbery of the First State Bank of Buckner, Missouri, was read; that petitioner then indicated his desire to waive indictment as to another bank robbery charge in the Eastern District of Missouri; that petitioner also expressed his desire to transfer that case to the West-

ern District of Missouri; that petitioner also indicated his understanding of such a transfer under Rule 20, F.R.Crim.P.; that the Court further explained petitioner's rights under a Rule 20 transfer; that petitioner then executed a waiver of indictment as to this second charge; that later, on June 17, 1955, petitioner again appeared with counsel and entered a plea of guilty to an information charging petitioner with the robbery of the Farmers and Merchants Bank of Eureka, Missouri, on August 26, 1954; that counsel for the petitioner indicated that he had received a copy of this information prior to the entry of petitioner's guilty plea; that the Court at this time had received a pre-sentence report in connection with both cases; and that following statements by petitioner's counsel in his behalf, and a review of petitioner's background by the Court, petitioner was sentenced in both criminal cases.

In view of the contentions of the petitioner and the factual allegations presented by his pleadings, a full evidentiary hearing was held on October 17, 1969, to consider each and all of the issues raised during this proceeding. Shortly before that hearing, petitioner filed a "Motion to Invoke Privilege Communication Between Client and Attorney", in which petitioner requested that any testimony elicited by his original attorney be excluded from these proceedings. Petitioner raised a similar objection during the hearing at the time the testimony of his attorney was offered. At that time the Court indicated that such objection would be taken under advisement and that should such objection be valid, the testimony of John Ingraham, petitioner's original attorney, would not be considered by the Court.

■ It is the opinion of the Court, however, that petitioner's attempt to invoke the attorney-client privilege is entirely untenable under the circumstances of this case. The contentions raised by the petitioner in this proceeding put in issue the nature and extent of the advice given to the petitioner by his attorney,

particularly in regard to petitioner's plea of guilty. Any testimony adduced by petitioner's attorney which bears upon this advice does not fall within the scope of that privilege. Sherman v. United States, 261 F.Supp. 522, 531 (D. Hawaii 1966), affirmed 383 F.2d 837 (9th Cir.1967). Cf. McCormick, Evidence § 95 (1954 Ed.); Laughner v. United States, 373 F.2d 326, 327 (5th Cir.1967); United States ex rel. Richardson v. McMann, 408 F.2d 48, 53–54 (2d Cir.1969); Bone v. United States, 351 F.2d 11, 14 (8th Cir.1965); Randall v. United States, 314 F.2d 800, 801 (10th Cir.1963); United States v. Goo, 10 F.R.D. 332, 334–335 (D.Hawaii 1951), affirmed 187 F.2d 62 (9th Cir. 1951), cert. den. 341 U.S. 916, 71 S.Ct. 735, 95 L.Ed. 1351 (1951). Therefore, the testimony of petitioner's attorney, John Ingraham, regarding his advice to the petitioner as to the entry of petitioner's guilty pleas, the waivers of indictment, and the transfer of Case No. 19,219 must be considered in a final resolution of these issues.

■ Prior to the 1966 amendment to Rule 11, a district court was required to determine that a tendered plea was voluntary and was made with an understanding of the consequences of the plea. Young v. United States, 423 F.2d 677 (8th Cir.1970); Bartlett v. United States, 354 F.2d 745 (8th Cir.1966), cert. den. 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542 (1966). However, as stated by the Eighth Circuit Court of Appeals in Bartlett v. United States, id. at 751:

"In considering the question of the sufficiency of the plea, the Court imposing the sentence is entitled to consider all of the information that has been presented to the defendant from whatever source, including his counsel, statements made in open court proceedings, personal knowledge of the defendant, and any other factor that would have any relationship to the plea. No particular rote or ritual need be observed by the trial court. United States v. Davis, 212 F.2d 264 (7 Cir.1954). This is especially true

when the Court through prior proceedings has become informed of sufficient facts to clearly determine that the defendant is aware of the charges and that the plea is understandingly made." See also: Young v. United States, supra.

■ Furthermore, if the record reasonably leaves an implication that the Court did not satisfy itself as to those factors, a plea of guilty is nevertheless without constitutional infirmity and valid where, upon collateral determination, it is found to be in fact voluntarily and understandingly made. Bone v. United States, supra; Gundlach v. United States, 262 F.2d 72, 76 (4th Cir.1958); United States v. Swaggerty, 218 F.2d 875, 879 (7th Cir.1955). See also: Kress v. United States, 411 F.2d 16 (8th Cir.1969); Halliday v. United States, 380 F.2d 270, 271 (1st Cir.1967), affirmed 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1968); McCarthy v. United States, 394 U.S. 459, 469, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1968).

■ In the present case, the records and files of Cases Nos. 19,197 and 19,219, in addition to the testimony elicited during the evidentiary hearing, amply reveals that petitioner was fully advised of the consequences of his guilty pleas and that petitioner voluntarily tendered the same with the requisite understanding. As to the nature of the charges against the petitioner, the record of the proceedings of May 13, 1955, shows that petitioner was advised of the charges in both cases. Prior to the entry of petitioner's plea in Case No. 19,197, the information was read and petitioner was advised that he was appearing in connection with charges of the robbery of the First State Bank of Buckner, Missouri, on May 5, 1955. In regard to the charges contained in Case No. 19,-219, the following statement was made by Kenneth West, Assistant United States Attorney, during those proceedings:

> MR. WEST: Now, if the Court please, before going on with the arraignment of Mrs. Rosson, I have been told by counsel for Mr. Farr that he would perhaps like to waive indictment in connection with another bank robbery with which he is charged in the Eastern District of Missouri, specifically it was robbery of the Bank of Eureka, Missouri, on or about August 26, 1954, with the possibility of getting that matter transferred here under Rule 20, and I would like to know if that is his desire, I have a waiver if he wants that brought up here for disposition at the same time.

DEFENDANT FARR: Yes.

> MR. INGRAHAM: Yes, that is what he wants to do.

And during the later proceeding of June 17, 1955, Mr. West made the following statement:

> MR. WEST: It is an information charging on the 26th of August, 1954, at Eureka in St. Louis County, Missouri, they robbed the Farmers and Merchants Bank.

Furthermore, during the hearing in the present proceeding, the following testimony was elicited:

> QUESTION: Mr. Ingraham, had you occasion to confer with Mr. Farr concerning the case in the Western District as well as the case that was going to be Rule 20'ed, so to speak, from the Eastern District, that is, about the Eureka Bank and the Buckner Bank?

MR. INGRAHAM: Yes, sir, I did.

> QUESTION: Let me ask you, sir, by way of preliminary question, was it or state whether it was your practice on appointed cases in criminal matters to advise your clients—I am asking by way of preliminary question—whether it was your practice to advise your clients as to their constitutional rights to a trial by jury, indictment by Grand Jury, right to counsel, was that your practice?

MR. INGRAHAM: Yes, sir, it was. That is why we were appointed.

\* \* \* \* \* \*

QUESTION: Would it be to the best of your memory that in the case of Mr. Farr you followed your usual practice?

MR. INGRAHAM: Yes, sir, I am certain that I did.

\* \* \* \* \* \*

THE COURT: In this particular case did you advise Mr. Farr of the maximum punishment for the—as you put it—the Kansas City case?

MR. INGRAHAM: Yes, sir.

THE COURT: Did you have discussion as to what the maximum punishment was for the St. Louis case?

MR. INGRAHAM: Yes, sir. We had discussions regarding both of them, because of the possibility that if he pled guilty here without bringing the St. Louis case up, that then he would be taken to St. Louis, either tried or if he pled guilty down there, be sentenced to a term that would be consecutive to the sentence up here.

THE COURT: So am I correct then in stating that you did advise Mr. Farr of the maximum punishment that was involved in both the St. Louis case and the Kansas City case?

MR. INGRAHAM: Yes, sir.

Furthermore, in response to interrogation by the Court as to petitioner's knowledge concerning the nature of the charges pending against him and the voluntariness of his pleas, petitioner testified as follows:

THE COURT: \* \* \* In other words, am I being fair to you when I say that he (Mr. Ingraham) told you you were entitled to a jury trial but that if you did have a jury trial and were convicted you might get more time?

MR. FARR: That is right.

THE COURT: So then at least you knew that you were entitled to a jury trial if you wanted it?

MR. FARR: That is right.

THE COURT: As I understood also from what you said, and if I am not stating it accurately, you correct me. You apparently were caught red-handed, and he (Mr. Ingraham) told you he looked at the Government's file and made some check of it, and that you didn't have any defense, is that about what the situation was?

MR. FARR: Amounted to just about that, yes.

THE COURT: Under those circumstances, then, you and he (Mr. Ingraham) discussed it and decided it was to your benefit to enter a plea of guilty?

MR. FARR: I already had decided.

THE COURT: You had already decided that?

MR. FARR: Yes, I decided to plead guilty.

In view of those statements, other testimony adduced at the hearing in this case, and the records and files in petitioner's criminal cases, there can be little question that, prior to the entry of his guilty pleas, petitioner was fully advised as to the nature of the charges in both Cases Nos. 19,197 and 19,219, the maximum penalties under those charges, the consequences of petitioner's pleas, and that the pleas were understandingly and voluntarily made. Therefore, petitioner's contention in this regard must be overruled.

There remains for consideration petitioner's contentions as to his waivers of indictment in both cases; the Rule 20 transfer of Case No. 19,197 from the Eastern District of Missouri, the district of offense, to the Western District of Missouri, the district of arrest; and petitioner's contention as to his court-appointed attorney.

Under the provisions of Rule 7(b), F. R.Crim.P., "An offense which may be punished by imprisonment for a term

exceeding one year * * * may be prosecuted by information if the defendant, after he has been advised of the nature of the charge and of his rights, waives in open court prosecution by indictment." Although petitioner testified that he was not advised of his rights prior to his waivers of indictment, the records and files in his criminal cases, and the testimony of his attorney directly conflict with this assertion. The record of the proceedings of May 13, 1955, reveals the following:

> MR. WEST: Mr. Ingraham, have you consulted with your clients as to their desire, whether they desire to waive indictment?

> MR. INGRAHAM: Desire to waive indictment as to Mr. Farr.

> MR. TIERNEY: I have also explained to Mr. Posey he has a right to proceed by indictment and he states that upon my advice he desires to waive indictment.

> MR. WEST: You have explained their rights to them, that they have a right to wait for a grand jury or if they waive here we will file an information which will be substantially the same in nature?

Then, after petitioner signed the waiver of indictment in open court as to Case No. 19,197, the Assistant United States Attorney, Mr. West, explained the possibility of a Rule 20 transfer of Case No. 19,219, to the Western District of Missouri. After Mr. West's statement, petitioner then indicated that he desired to waive the indictment in Case No. 19,219, and after an explanation of petitioner's rights under a Rule 20 transfer by the Court, petitioner signed the waiver of indictment. During the hearing in the present case, petitioner's attorney testified that he had fully discussed petitioner's rights prior to the waiver, including the maximum possible penalties under the charges, the nature of the charges, petitioner's rights, and the desirability of waiving the indictments.

■■ As stated by the Eighth Circuit Court of Appeals in Bartlett v. United States, 354 F.2d 745 (8th Cir. 1966) at page 748:

> "There is no particular ritual that the trial court must follow in accepting a waiver of indictment, but the Court must be satisfied that the waiver was knowingly, voluntarily, and understandingly made, which would include information being supplied from any reliable source respecting the nature of the charges against him, his rights and the possible penalties applicable to the charges made."

And, the procedures of informing an accused of his right to be prosecuted by indictment and of appraising his consent to be prosecuted in information are matters of reality. Turner v. United States, 325 F.2d 988 (8th Cir. 1964), cert. den. 377 U.S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 308. Thus, under the circumstances revealed by the court files and records and the testimony of petitioner's attorney, petitioner's waivers of indictment were valid in both cases. Boyes v. United States, 298 F.2d 828 (8th Cir. 1962), cert. den. 370 U.S. 948, 82 S.Ct. 1595, 8 L.Ed.2d 814; Bartlett v. United States, supra; Turner v. United States, supra; United States v. Culbert, 215 F.Supp. 333 (W.D.Mo.1963).

■ Petitioner's contention as to the validity of the Rule 20 transfer of Case No. 19,219 presents a closely related issue. As previously stated, the record and testimony shows that prior to the entry of his pleas and the waivers of indictment, petitioner had been fully advised as to the nature of those charges, the maximum penalties under the charges, the consequences of his waivers and pleas, and his constitutionally-protected rights. Therefore, if petitioner was afforded procedural due process in the execution of his consent to transfer Case No. 19,219, then such transfer was valid. As to the procedural aspects of that Rule 20 transfer, however, petitioner contends that he could not execute a valid consent under Rule 20 *before* an indictment or information was pending on file in the district where the charges were initially brought. In this respect,

**1132**

petitioner is correct. See: Potter v. United States, 36 F.R.D. 394 (W.D.Mo. 1965).

▇ The court records reveal that that an information charging petitioner with a violation of 18 U.S.C. § 2113 was filed in the Eastern District of Missouri on May 16, 1955, three days after the initial proceeding in this Court. However, during the proceedings of May 13, 1955, petitioner merely *requested* that a Rule 20 transfer be made. The record does not indicate that petitioner, at that time, signed or executed a Rule 20 consent form, although petitioner did execute a waiver of indictment as to Case No. 19,219. The court file further reveals that *after* the filing of this information on May 16, 1955, a certified consent to transfer Case No. 19,219 under Rule 20 was filed which acknowledged receipt of a copy of that information. This consent was filed in the Eastern District of Missouri on May 24, 1955. Furthermore, the government records in this case indicate that copies of the information and the Rule 20 consent forms were mailed to petitioner's counsel *after* the information was filed in the Eastern District of Missouri. Thus, the only reasonable inference presented by the record is that petitioner executed his consent to a Rule 20 transfer *after* the filing of the information on May 16, 1955, and that petitioner had received a copy of that information prior to the execution of his consent. Such procedure was valid under Rule 20, F.R.Crim.P., as it then existed. Boyes v. United States, supra, and Potter v. United States, supra.

▇ Although petitioner does not contend that his representation by his court-appointed attorney, John Ingraham, was ineffective so as to deprive petitioner of substantial rights, petitioner apparently does contend that his conviction and sentence is invalid because Ingraham had not been admitted to the Federal Bar at the time he represented the petitioner. This contention is entirely without merit. At the time Ingraham represented the petitioner, he was a licensed member of the Missouri Bar and a former law clerk to a judge of this District. Furthermore, Ingraham had been appointed to represent petitioner by a judge of this District who certainly knew and recognized Ingraham's abilities. Therefore, in the absence of any contrary evidence by the petitioner, there can be little question that Ingraham was fully capable of rendering effective assistance of counsel as required by the Sixth Amendment of the Constitution. As stated by the Eighth Circuit Court of Appeals in Taylor v. United States, 282 F.2d 16 (8th Cir. 1960) at Page 20:

"The Sixth Amendment does not require for its satisfaction that the actions of counsel result in a favorable outcome. Rather, its requirement is met whenever the accused is supplied counsel who exercises that judgment which might be expected of one trained in the law and committed to the diligent application of its principles." See also: Kress v. United States, 411 F.2d 16, 22 (8th Cir. 1969); Cardarella v. United States, 375 F.2d 222, 230 (8th Cir. 1967), cert. den. 389 U.S. 882, 88 S.Ct. 129, 19 L.Ed.2d 176; and Cross v. United States, 392 F.2d 360, 366 (8th Cir. 1968).

Furthermore, there is a presumption of competency of court-appointed counsel and a showing must be made before that presumption can be overcome. Kress v. United States, supra; Kilgore v. United States, 323 F.2d 369, 372–373 (8th Cir. 1963), cert. den. 376 U.S. 922, 84 S.Ct. 681, 11 L.Ed.2d 617; and Taylor v. United States, 332 F.2d 918, 922 (8th Cir. 1964). And, in the present case, the record does not reveal any circumstances which would indicate that Mr. Ingraham was, in any respect, ineffective in his representation of the petitioner.

Accordingly, for the reasons stated above, petitioner's motion to set aside judgment of conviction and to vacate sentence is hereby overruled.

It is so ordered.