No. 48,935

(576 P.2d 1088)

(Bar Docket No. 6644)

*In re:* The Complaints made against SAMUEL J. WILSON by the State Board of Law Examiners

*Per Curiam:* On March 1, 1977, a panel of the State Board of Law Examiners held a hearing on complaints against respondent Samuel J. Wilson, Kansas City, Kansas. In its report, findings and recommendations, filed with the Court on March 16, 1977, the panel found that the respondent violated the following rules of the Code of Professional Responsibility (220 Kan. cix-cxxvii): DR 1-102 (A) (6), DR 6-101 (A) (3), DR 7-101 (A) (2), DR 9-101, and DR 9-102 (B) (4).

Specifically, the report stated that the respondent: (1) Failed to represent a client in a lawsuit against an insurance company regarding a theft loss, and also failed to return his client's papers regarding the loss for more than three years; (2) failed to prepare and file a journal entry and decree of divorce for a client until more than two years after petition was filed; (3) failed to file a motion for a client to lower child support payments, having received payment of $150.00 from his client on August 16, 1974,

and the motion still had not been heard on March 1, 1976; (4) accepted $300.00 to represent a client in a bankruptcy action, but failed to file the action or to perform any services. The respondent also failed to appear at hearings scheduled before the Ethics Committee of the Wyandotte County Bar Association, regarding complaints of some of his clients.

The panel recommended the respondent be disciplined by "Public Censure," as provided by Supreme Court Rule No. 203(a)(3) (220 Kan. lxxxiii).

In accordance with Rule No. 213(c) (220 Kan. lxxxviii), a copy of the report, findings and recommendations of the panel was mailed to the respondent on March 16, 1977, along with a citation directing him to file with the Court either a statement that he did not wish to file exceptions to the report, or his exceptions to the report.

More than twenty days passed after the citation was mailed and no response was received, and respondent was notified by certified mail on April 21, 1977, to appear before the Court on May 13, 1977, for imposition of discipline, pursuant to Rule No. 213(d) (220 Kan. lxxxviii).

On May 13, 1977, the matter came on for hearing before the Court, the State of Kansas appearing by Philip A. Harley, assistant attorney general, and respondent appearing in person. Additional complaints, not previously considered by the Board of Law Examiners, were called to the attention of the Court. The Court directed the Board to process and hear these complaints and report to the Court covering all pending complaints against the respondent.

Additional complaints were: (1) Respondent had paid no annual attorney registration fee since 1973. He was suspended from the practice of law in Kansas on October 14, 1974. (2) Respondent failed to respond to an IRS summons to appear at the Internal Revenue Service in Kansas City, Kansas, on December 30, 1974, and produce records concerning his 1972 and 1973 taxes. In an "Order to Show Cause," he was directed to appear in the United States District Court on February 23, 1976. He appeared and was ordered to produce 1972 and 1973 tax records on or before March 15, 1976. He failed to comply and a bench warrant was issued for his delivery to the United States Marshal on January 10, 1977. He was arrested on January 12, 1977, committed to the Wyandotte County jail overnight, and released on January 13 on his own

recognizance. The IRS ultimately obtained material sought from respondent and the case was dismissed.

The additional complaints were set for hearing by a panel of the State Board of Law Examiners on August 25, 1977. Donald E. Jensen, assistant attorney general, appeared on behalf of the attorney general, and respondent did not appear. After determining there was some question regarding whether proper service of the additional complaints had been made on the respondent, the panel decided to continue the hearing in order that proper service could be assured. The date set for completion of the hearing was October 10, 1977. Philip A. Harley, assistant attorney general, appeared on behalf of the attorney general and presented evidence that respondent had been notified to appear. Again, respondent did not appear and the complaints were submitted to the panel for decision.

On November 2, 1977, the panel of the State Board of Law Examiners found that the respondent violated the following rules of the Code of Professional Responsibility: DR 1-101; DR 1-102 (A) (4), (5) and (6); and DR 3-101 (B).

The panel recommended that "Public Censure" was not sufficient discipline and that the respondent be disciplined by "Disbarment," as provided by Rule No. 203(a)(1) (220 Kan. lxxxiii).

On November 4, 1977, in accordance with Rule No. 213(c), a copy of the report, findings and recommendations of the panel was mailed to the respondent by certified mail, along with a citation directing him to file with the Court either a statement that he did not wish to file exceptions, or his exceptions to the report. The letter was returned to the Clerk of the Appellate Courts unopened and marked "Unknown."

On March 1, 1978, a letter was mailed by certified mail directing respondent to appear before the Court on March 31, 1978, for the imposition of discipline, pursuant to Rule No. 213(d). Again, the letter was returned to the Clerk of the Appellate Courts unopened and marked "Unknown."

On March 31, 1978, the matter came on for hearing before the Court, the State of Kansas appearing by Philip A. Harley, assistant attorney general, and respondent appearing not, and the Court, after consideration of the record and being fully advised in the premises, finds the recommendation of the State Board of Law Examiners should be accepted.

It is, therefore, by the Court Considered, Ordered and Adjudged that the said Samuel J. Wilson be and he is hereby disciplined by disbarment and that he pay the costs of the proceeding. It is further ordered that this ORDER OF DISBARMENT be published in the official Kansas Reports.

BY ORDER OF THE COURT, dated this 31st day of March, 1978.