The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Pauline R. WILSON,
Defendant-Appellant.

No. 79CA0795.

Colorado Court of Appeals,
Div. III.

Dec. 18, 1980.

Rehearing Denied Jan. 15, 1981.

Certiorari Granted April 6, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, William Morris, Asst. Attys. Gen., Denver, for plaintiff-appellee.

Leonard E. Davies, Denver, for defendant-appellant.

ENOCH, Chief Judge.

Defendant appeals from the denial of her motion to set aside her conviction. We affirm.

Defendant was convicted of assault with a deadly weapon on June 14, 1972. At the time of her conviction, she was represented by William J. Convery who had held himself out to be an attorney at law, duly admitted to practice law before the bar of the State of Colorado. On March 19, 1979, the defendant filed a Crim.P. 35(b) motion, seeking to have her judgment of conviction vacated. As grounds for this motion, she alleged that, at the time of her conviction, her attorney had in fact not been licensed to practice law in the State of Colorado.

Convery testified at the hearing on the motion that at the time he was retained by defendant he was under the impression that he had been admitted to the bar and was licensed to practice law as of May 1971. It is undisputed that he had graduated from an accredited law school and had passed the Colorado Bar examination. However, there

was no record of him having taken the oath for admission to the bar. He eventually received his license to practice law in May 1979.

The defendant testified that she had retained Convery as counsel. She noted, however, that had she known Convery was not a licensed attorney she would not have permitted him to represent her. Defendant did not contend at the hearing, nor does she contend in this appeal, that Convery represented her ineffectively or incompetently. Defendant's sole contention is that her representation by a person who was not a duly licensed member of the bar was, *per se*, a denial of her Sixth Amendment right to counsel. We do not agree.

■ We reject the approach of a *per se* violation of the Sixth Amendment right to counsel where, under the narrow facts of this case, defendant retains representation and that representative has otherwise met all the qualifications to practice law except for having taken the oath. Under such circumstances, the inquiry is not whether the defendant was represented by an attorney, licensed or unlicensed, but is whether her conviction was obtained in such a manner as to be offensive to the common and fundamental ideas of what is fair and what is right. *See People v. Cox*, 12 Ill.2d 265, 146 N.E.2d 19 (1957). *Compare Farr v. United States*, 314 F.Supp. 1125 (W.D.Mo. 1970), *aff'd*, 436 F.2d 975 (8th Cir.) *cert. denied*, 402 U.S. 947, 91 S.Ct. 1639, 29 L.Ed.2d 116 (1971) (Sixth Amendment not violated by defendant's representation before Federal District Court by an attorney not licensed to practice before that court but licensed to practice in another jurisdiction.) *and Johnson v. State*, 225 Kan. 458, 590 P.2d 1082 (1979) (Sixth Amendment not violated by defendant's representation by an attorney who was under suspension for non-payment of attorney registration fee). *with People v. Felder*, 47 N.Y.2d 287, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979) (Sixth Amendment violated where defendant was represented by a layman, who was masquerading as an attorney and "had not completed law school or otherwise satisfied the prerequisite for the practice of law.")

■ Defendant makes no claim that she did not have a fair trial or that she was in any way prejudiced by being represented as she was in this case, and, it appears from the record that, but for not having taken the oath, Convery was in all respects qualified to practice law. Thus, we hold that defendant's right to counsel was not violated, and we therefore find no error in the trial court's denial of her motion.

Judgment affirmed.

STERNBERG, J., concurs.

KIRSHBAUM, J., dissents.

KIRSHBAUM, Judge, dissenting.

Because I fear the rule adopted and applied by the majority will prove frail armor for the safeguarding of the fundamental constitutional right here in issue, *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), I respectfully dissent.

By failure to take the oath subjecting him to the ethical rules of the legal profession, defendant's representative was precluded from practicing law. To measure the federal constitutional concept of "counsel" in terms of the actual performance of individuals with diverse qualifications in given cases merely invites difficult future distinctions and establishes no solid basis for predicting results of future disputes over the "adequacy" of particular non-lawyer endeavors. Indeed, one is left with no real distinction between serving as one's own counsel and employment of an attorney at law.

I find the reasons and the rule articulated in *People v. Felder*, 47 N.Y.2d 287, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979) most persuasive, and conclude that a person must be admitted formally to the practice of law in some jurisdictions before that person can satisfy a defendant's constitutional right to assistance of counsel. The results reached in *Farr v. United States*, 314 F.Supp. 1125 (W.D.Mo.1970) *aff'd*, 436 F.2d 975 (8th Cir.), *cert. denied* 402 U.S. 947, 91 S.Ct. 1639, 29 L.Ed.2d 116 (1971), and *Johnson v. State*,

225 Kan. 458, 590 P.2d 1082 (1979), relied upon by the majority here, can be achieved by careful application of this formulation of a *per se* rule; hence, those decisions are not contrary to such principle.

Application of such a *per se* threshold test in this case would require reversal of defendant's conviction. However adoption of such rule would establish a clear, uniform and fair standard for those few instances when one who seeks to exercise the Sixth Amendment right to obtain assistance of counsel discovers that the person retained is in fact not an attorney at law.