UNITED STATES of America,
Appellee,

v.

Rudolph MOHER, Jr., Defendant-
Appellant.

No. 966, Docket 35644.

United States Court of Appeals,
Second Circuit.

Submitted May 26, 1971.

Decided June 28, 1971.

Jacob D. Zeldes, Bridgeport, Conn., for defendant-appellant.

Stewart H. Jones, U. S. Atty., and Leslie Byelas, Asst. U. S. Atty., District of Connecticut, for appellee.

Before KAUFMAN, ANDERSON and MANSFIELD, Circuit Judges.

PER CURIAM:

Rudolph Moher, Jr., was convicted in a jury trial of robbing the Englewood Branch of the Connecticut National Bank, in violation of 18 U.S.C. § 2113(b). From the date of his apprehension until May 19, 1970, the first date assigned for his trial, Moher was represented by retained counsel who had filed certain motions on his behalf. When counsel failed to appear for the trial, the court was then advised that he was not admitted to practice before the District Court.

Appellant now contends that he was denied the effective assistance of counsel during the pre-trial motion stage because he was represented by an attorney not admitted to federal practice. In United States v. Bradford, 238 F.2d 395, 397 (2 Cir.), cert. denied, 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1959), we held that the inadvertent failure to comply with the rules governing the admis-

sion to the bar of the district court "in no way cause[s] any infringement of appellant's constitutional rights nor does it justify any inference that counsel was not in every way competent to represent the appellant * * *." Even if it were to be assumed that retained counsel's failure to appear rebutted this presumption of effective assistance, Moher's court-appointed counsel could, at any point during the four-month interval between his appointment and the trial, have requested an extension of the time allotted for the filing of pre-trial motions. Appellant has not, therefore, demonstrated that this turn of events exposed him to even "a reasonable possibility of prejudice in fact." McGill v. United States, 121 U.S.App.D.C. 179, 348 F.2d 791, 793 (1965).

■ Moher also argues that the Government did not meet its burden of persuading the trial court either that he had knowingly and intelligently waived the presence of counsel at the police identification line-up or that the identification testimony offered was by witnesses who had independent bases for their courtroom identification of him. See United States v. Wade, 388 U.S. 218, 240, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Miranda v. Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); United States v. Ayers, 426 F.2d 524, 527 (2 Cir.), cert. denied, 400 U.S. 842, 91 S.Ct. 85, 27 L.Ed.2d 78 (1970). Moher conceded at trial that he voluntarily signed a waiver of counsel's presence at the line-up and that he did so after conferring with his attorney. When appellant offered nothing to contradict the Government's evidence that his waiver "was not the result of an impetuous act * * * or the product of any physical or mental coercion" but was in fact an intentional relinquish-

ment of a known right, the trial court properly denied his motion to strike the testimony of identification witnesses. United States v. Drummond, 354 F.2d 132, 149 (2 Cir.), cert. denied, 384 U.S. 1013, 86 S.Ct. 1968, 16 L.Ed.2d 1031 (1966); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

■ Moher, in order to meet the charge that he had robbed the bank by threatening to bomb it, took the witness stand and testified that on the afternoon of the robbery he was at his mother's home and that he heard the local radio station's 3:00 p. m. news account of the telephoned bomb threat to the bank, followed by the robbery. In rebuttal the Government introduced the script of that broadcast which contained no reference whatever to a threat communicated by telephone. The appellant argues that this evidence was inadmissible under the federal business records statute because the script was prepared a few minutes before the broadcast and, therefore, was not made "at the time of the act * * * or within a reasonable time thereafter." 28 U.S.C. § 1732 (1964). A radio station employee testified, however, that scripts broadcast were filed in the ordinary course of business and that the penciled interlineations on the typewritten script demonstrated that it had been updated, rather than a new script written, as additional information was received. The script was properly admitted as a trustworthy record made substantially contemporaneously with the event it recorded. Bowman v. Kaufman, 387 F.2d 582 (2 Cir. 1967).

We have considered the other questions raised by appellant and find no error. The judgment of the district court is affirmed.