Aaron F. Goldstein, J.
Defendant was convicted on July 25, 1975 of two felonies and two misdemeanors after a lengthy jury trial and on September 19, 1975 this court imposed sentence. Defendant is incarcerated and now moves pro se under CPL 440.10 (writ of error coram nobis) to vacate the judgments of conviction.
This motion presents a unique and novel question of law which is dehors the record and is without precedent. The defendant asserts that he recently first learned through the news media that the "lawyer” who represented him throughout the case, one Albert Silver, was not and has never been a duly licensed attorney at law admitted to practice in the courts of this State, and this fact is admitted in the opposing affirmation of the District Attorney. Originally, the defendant privately retained Mr. Silver who openly held himself out as a licensed lawyer. On the depletion of the defendant’s funds, his application for Mr. Silver to continue to represent him under article 18-b of the County Law was granted. There is no dispute to the defendant’s allegation that he never had knowledge that his "lawyer” was unlicensed.
At the outset, the court acknowledges that Mr. Silver conducted himself as an able and skillful criminal lawyer. Further, this court doubts whether the result of the trial would have been different or more favorable to the defendant had he been represented by a licensed lawyer. Mr. Silver’s representation of this defendant was that of a competent legal technician who explored all pretrial proceedings, motions, pretrial memoranda and a trial memorandum of law to buttress this conclusion. The reports in the news media corroborate the long experience and legal ability of Albert Silver, who is reported to have once served with distinction as the City Attorney in *105 the Village of Glen Cove. Notwithstanding all of the foregoing, this court is constrained to hold that a defendant’s right to counsel in a criminal case under both the Federal and State Constitutions means a duly licensed lawyer and nothing less. There just cannot be any substitute for this constitutional mandate. The defendant never had any reason to believe that his "lawyer” was unlicensed. On the contrary, he was justified in believing that he was being represented by a competent and recognized lawyer. A defendant’s constitutional right to counsel can only be satisfied by a lawyer admitted to practice before the court.
In view of the foregoing the judgments of conviction must be vacated despite the fact that the defendant was more than adequately represented and does not demonstrate any prejudice as a result of being represented by an unlicensed lawyer. The law, nevertheless, prohibits the flouting of a constitutional proscription. All pretrial proceedings, the trial and verdict must be deemed to be null and void.
One of the counts of the original indictment was criminal possession of a controlled substance in the third degree, a class A-III felony, which upon conviction mandates a mandatory life sentence. It is the court’s recollection that, at the request of Mr. Silver, the court was required, pursuant to CPL 300.50 (subd 2), to and, indeed, did submit to the jury the lesser included crime of criminal possession of a controlled substance in the fifth degree as a class C felony. The jury found the defendant guilty of the lesser included crime as a class C felony and did acquit the defendant of another count of criminal possession of a controlled substance as a misdemeanor. Nevertheless, the original count of criminal possession of a controlled substance as a class A-III felony and the count of criminal possession of a controlled substance as a misdemeanor are to be reinstated in the indictment.
The court is aware of the provisions of paragraph a of subdivision 6 of CPL 440.10. However, the defendant cannot have it both ways, or, in the language of the venerable adage "have his cake and eat it.” The defendant cannot have the benefit of any part of the result of the very advocacy he challenges and seeks to disclaim. A determination of nullity or validity in this set of circumstances must be total and cannot be fractional. The peculiar situation involved in this proceeding is not within the purview of CPL 440.10 (subd 6, par a).
Accordingly, the judgments of conviction, the sentences *106 thereunder, and all pretrial proceedings are hereby vacated; a new trial is ordered, and the original indictment containing all counts is hereby reinstated. The defendant is to be produced, arraigned, and a plea to be entered to the original indictment at Criminal Term, Part 1, of this court on June 25, 1976 at 9:30 a.m.