Shirley Wohl Kram, J.
There is before this court a motion by the attorney for respondent (age 14) to withdraw his admission to rape in the first degree (Penal Law, § 130.35).
The admission was made before this court on January 5, 1977 after the respondent and his grandmother were advised by the court of the respondent’s right to remain silent, and his right to a full hearing of the charges against him. The court further ascertained that respondent understood fully the ad *533 mission he was making and the consequences thereof; and he was asked to relate to the court what part he had played in the incident that transpired. As indicated the admission was made in the presence of his grandmother assisted by an interpreter, and the same information and questions were directed to her. Also present on behalf of respondent was an attorney whose affidavit indicates he consulted at length with the respondent, his grandmother, and an aunt and uncle who were outside the courtroom.
The respondent is now represented by new counsel, privately retained by members of his family. The thrust of the argument for the motion is that the boy relied on the statement of the attorney representing him on January 5 that the court would "probably go easy on him” and did not fully comprehend the consequences of his admission. The respondent was apparently disappointed that this court continued his remand after the admission to rape in the first degree, and "did not go easy”. (Matter of Michael P., 50 AD2d 856.)
The affidavit of the former attorney further indicates that he conferred with the Assistant Corporation Counsel handling the case as well as the Legal Aid Attorney representing a corespondent. He states:
"On January 5, 1977, I spoke with the respondent at great length and reviewed with him all the facts and circumstances surrounding the acts he was accused of committing * * *
"I thereafter had extensive discussions with Stephen Pokhartz, Esq. [sic] the Legal Aid attorney, who represented the other juvenile respondent George C., and * * * interviewed his client * * *
"I also had extensive private discussions with the respondent’s grandmother, and his aunt and uncle who were also present at that time.
"Based upon my discussions, I was satisfied under the circumstances that if a full hearing was conducted, the charges against the respondent would be sustained * * *
"I emphasized to the respondent that I did not want him to make an admission to rape if in fact he did not rape the petitioner * * *
"The respondent then informed me that he wanted to make an admission to the rape charge and that he would admit to the rape and that he would provide the Judge with whatever details he was asked to provide”.
*534 CPL 220.60 (subd 3) provides that "[a]t any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty to the entire indictment or to part of the indictment to withdraw such plea, and in such event the entire indictment, as it existed at the time of the plea of guilty, is restored”.
If the fact situation were only as indicated this court would be adverse to granting the motion. There is however another very serious complication. When this respondent appeared in an Intake Part of the court, an 18-B panel attorney was assigned for him upon his request for counsel (County Law, art 18-B). A trial date within the brief period mandated by the Family Court Act was set. However, the assigned attorney advised the court he was unavailable on the designated date. He was then given permission by the court to have another member of his firm appear for him on January 5, the trial date. In all fairness to him it must be stated that due to the heavy calendars of this court, the busy schedule of attorneys, and the brief time a juvenile may be held prior to hearing too frequently appearances are permitted by associates of attorneys on the 18-B panel of the Appellate Division.
Attorneys chosen for the 18-B panel are recommended to the Appellate Division by the Bar Association Family Court Committee. The attorney completes an extensive questionnaire detailing his educational and professional background. He is personally interviewed by a member of the committee before such recommendation is made. The applicant must have a requisite number of years of criminal law experience or Family Court experience in the area of juvenile delinquency. The Special Projects Division of the Appellate Division is presently developing a course in juvenile justice which will qualify attorneys for the 18-B panel.
It is apparent that much time and effort is expended in assuring that panel attorneys representing juveniles have specialized experience in this area, and the substitution of an associate who is not a member of the 18-B panel is therefore not appropriate. It constitutes a deprivation of effective counsel.
While the young attorney who substituted in this case has been admitted for eight years and undoubtedly is most capable, the respondent has the right to the representation the law intends him to have. This is of the greatest importance when the respondent is a 14-year-old youth.
*535 In People v Washington (87 Misc 2d 103) an admittedly extreme situation, when the defendant was represented by an unlicensed attorney, the court held this is per se violation of defendant’s constitutional rights. A contrary conclusion was reached in People v Wright (County Ct, Nassau County [July 29, 1976]), and the court stated "the Court must examine the record of the proceeding to determine if such representation prejudiced the defendant and whether there is no reasonable possibility that such representation might have contributed to the defendant’s conviction and that it was thus harmless beyond a reasonable doubt. ”
Accordingly this court grants the motion to withdraw the admission and vacate the fact finding. A date is to be set for a full fact-finding hearing.