Pauline R. WILSON, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 81SC50.

Supreme Court of Colorado.

Oct. 12, 1982.

Rehearing Denied Nov. 1, 1982.

Emerson B. Semple, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., William Morris, Asst. Atty. Gen., Denver, for respondent.

HODGES, Chief Justice.

Following her 1972 conviction for assault with a deadly weapon, appellant Wilson was sentenced to a three-year period of probation. After successfully serving her sentence, she filed a Crim.P. 35(b) motion seeking to have the judgment of conviction vacated. The sole basis for the 35(b) motion was the appellant's claim that because she was unwittingly represented at the 1972 criminal trial by one not licensed to practice law in the state of Colorado, she was denied her constitutional right to counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article II, Section 16 of the Colorado Constitution. After hearing, the trial court denied the appellant's 35(b) motion and the court of appeals affirmed this ruling in *People v. Wilson,* Colo.App., 626 P.2d 709 (1980). We granted certiorari to review this issue, and now affirm the judgment of the court of appeals.

At the post-conviction hearing, both the appellant and her retained representative at the 1972 trial, William Convery, testified. Convery stated that he had been scheduled to graduate from the University of Denver College of Law in 1970. Shortly before he was to take his final law school examinations, however, he suffered an appendicitis attack which rendered him unable to take his exams. He subsequently completed his law school requirements in the fall of 1970 and passed the Colorado Bar Examination in February 1971.

Following his representation of the appellant at trial, this court notified Convery in 1975 that there was no record of his ever having taken the oath required for admission to the Colorado Bar.[1] While Convery believed that he had taken the oath, no evidence of that fact was presented. Accordingly, this court ruled in *Application of William J. Convery,* dated December 11, 1975, that "applicant has never been admitted to practice before this court; that his application for admission is hereby denied; and that applicant is granted leave to reapply for admission...." · Mr. Convery passed the Colorado Bar Examination in February 1979 and was formally admitted to practice law in this state in May of that year.

Appellant Wilson's testimony at the 35(b) hearing established that at the time of her 1972 criminal trial she was unaware that her representative was not a licensed attorney. While no claim of prejudice was alleged as a result of that fact, it is her position that the effective assistance of counsel can only be provided by an attorney duly licensed by this court. As such, her representation by one who is not a member of this state's bar, regardless of his qualifications or whether any prejudice resulted from the representation provided, constitutes a *per se* violation of her constitutional right to counsel. Conversely, the state maintains that the appellant was not denied her right to counsel since Convery was wholly effective and adequate as her representative at the 1972 criminal trial.

As presented, the issue before us is a narrow one. Is a criminal defendant's right to counsel violated where the accused unwittingly retains a representative for trial who is in all respects qualified to practice law in Colorado yet remains unlicensed due to the failure to take the mandatory oath for admission?[2]

Preliminarily, we note that the question is a matter of first impression for this court. The appellant, in advocating that we adopt a *per se* rule of law, directs us to the recent New York decision in *People v. Felder,* 47 N.Y.2d 287, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979). In *Felder,* the high court of New York reversed the convictions of three defendants who were represented by a "layman masquerading as a lawyer."

1. The rules governing admission to the Colorado Bar are promulgated by this court and are set forth in C.R.C.P. 201 *et seq.* C.R.C.P. 218 provides that "[t]he admission of all applicants shall be by order of the Court en banc; *and certificates of admission issued to applicants shall be signed by the Justices or a majority thereof after the applicant has taken the oath of admission.*" (Emphasis added). C.R.C.P. 220 is entitled "Oath of Admission" and provides in pertinent part that "[e]very applicant shall, *before receiving a certificate of admission,* pay a license fee of twenty dollars and take the following oath, before the Supreme Court en banc...." (Emphasis added). As the above rules make clear, a prerequisite for membership to this state's bar is that the applicant take the oath of admission. This is so because the oath required of each admittant is not simply an administrative ceremonial event but rather a fundamental and integral part of the admission process. A person taking the oath pledges that he will abide, for as long as he remains a member of the legal community, by those principles of loyalty, honesty and integrity to which all persons who look to this state's lawyers for assistance are entitled. Moreover, once having taken the oath of admission, an individual becomes a member of the Colorado Bar and as such is subject to the jurisdiction of this court for purposes of disciplinary and disability proceedings. *See* C.R.C.P. 241. (The amended rules, which are substantially identical, are not cited, as the above were in effect at the time of this case.)

2. Because we limit our holding to the circumstances presented, we intimate no view at this time as to what the effect may be where the criminal accused is appointed a representative not fully qualified to practice law in this state.

In so ruling, the court rejected a harmless error argument similar to that advocated by the state in the instant case, concluding that " 'the right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.' " 47 N.Y.2d at 296, 391 N.E.2d at 1278, 418 N.Y.S.2d at 299, (quoting from *Glasser v. United States,* 315 U.S. 60, 76, 62 S.Ct. 457, 467, 86 L.Ed. 680 (1942)).

While we recognize that the constitutional guarantee of the right to the effective assistance of counsel deserves the utmost protection, we disagree with the contention that reversal of the appellant's conviction is automatically necessitated by the fact that her retained representative was not a licensed attorney. We are not here confronted, as in *Felder, supra,* with a "layman masquerading as a lawyer." [3] The appellant was represented by counsel who had graduated from an accredited law school and who had passed the Colorado Bar Examination but who, at the time of the representation, was not authorized to practice law in this state having failed to take the oath for admission to this state's bar.

■ In such circumstances, we conclude that the representation provided does not constitute a *per se* denial of the accused's right to counsel. Rather, the proper determination to be made is whether fundamental principles of due process were denied as a result of the representation. *See Johnson v. State,* 225 Kan. 458, 590 P.2d 1082 (1979); *People v. Brewer,* 88 Mich.App. 756, 279 N.W.2d 307 (1979); *People v. Cornwall,* 3 Ill.App.3d 943, 277 N.E.2d 766 (1971); *People v. Cox,* 12 Ill.2d 265, 146 N.E.2d 19

(1957). Additionally, numerous federal court decisions dealing with the not unrelated issue of representation by one who is not a member of the federal bar have required evidence of prejudice before the representation will be declared constitutionally infirm. *United States v. Butler,* 504 F.2d 220 (D.C. Cir.1974); *Farr v. United States,* 314 F.Supp. 1125 (W.D.Mo.1970), *aff'd* 436 F.2d 975 (8th Cir. 1971); *Derringer v. United States,* 441 F.2d 1140 (8th Cir. 1971); *U.S. v. Moher,* 445 F.2d 584 (2nd Cir. 1971); *U.S. v. Bradford,* 238 F.2d 395 (2nd Cir. 1956), *cert. denied,* 352 U.S. 1002, 77 S.Ct. 558, 1 L.Ed.2d 546 (1956).

■ In ruling as we have here today, we are not unmindful of the significant objectives which are achieved by our requirement that each new admittee to this state's bar take the oath for admission. *See* fn. 1, *supra.* As such, our ruling should not be interpreted as approving the practice of law by anyone not fully qualified pursuant to this court's rules and regulations. Having not satisfied these requirements, there is no doubt that Convery, as the appellant's representative at trial, was not entitled to exercise the privilege of practicing law in Colorado. Nevertheless, we are convinced that the proper standard to be applied in this case is whether, based on the actual representation afforded, the accused was adequately represented at trial. In this regard, we cite to the reasoning enunciated in *People v. Cox, supra,* wherein it was stated:

> "[This] rule must apply where the defendant's chosen attorney later proves to be only an attorney in fact or a layman, for if it were otherwise, an accused would be

---

**3.** Several courts, confronted with facts similar to those in *Felder, supra,* have held that representation by counsel who has never had legal training or who has never passed the bar examination is inadequate representation as a matter of law. *People v. Washington,* 87 Misc.2d 103, 384 N.Y.S.2d 691 (Sup.Ct.1976); *Harrison v. United States,* 387 F.2d 203 (D.C.Cir.1967); *United States v. Grismore,* 546 F.2d 844 (10th Cir. 1976). Similarly, we find *Huckelbury v. State,* 337 So.2d 400 (Fla.App.1976), cited by the appellant, to be inapposite to the present case. In *Huckelbury,* the court found that rep-

resentation by one who "had failed to meet the standards of character for applicants to the Florida Bar" violated the accused's right to counsel. In addition to limiting its holding to the specific facts presented, the court emphasized that the unlicensed representative was appointed by the state for the indigent defendant and that the representative knowingly misrepresented to the client that he was a member of the Florida Bar. We find these facts sufficient to remove *Huckelbury* from consideration in resolving the issue presently before us.

tempted to seek unlicensed and unqualified representation in the hope of gaining acquittal, but with the assurance of gaining a new trial even if convicted.... Under this rule a defendant is not deprived of his right to counsel but is, rather, encouraged to make a more careful selection. At the same time the opportunities to embarrass the effective prosecution of crime in such manner are reduced to a minimum."

12 Ill.2d at 271, 146 N.E.2d at 23. (Citations omitted).

The appellant has not alleged that she was inadequately represented at her 1972 criminal trial. Nor does our review of the record of that proceeding reveal that she was denied the effective assistance of counsel as a matter of law.

Accordingly, the judgment of the court of appeals is affirmed.

LEE, J., does not participate.