[No. F006925. Fifth Dist. July 3, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN LEE HINKLEY, Defendant and Appellant.

**COUNSEL**

Jeanne Keevan-Lynch, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and Jane N. Kirkland, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**BROWN, (G. A.) J.**—Appellant, John Lee Hinkley, was convicted by a jury of the unlawful taking of a vehicle (Veh. Code, § 10851) and driving under the influence of drugs (Veh. Code, § 23152, subd. (a)). He was sentenced to state prison. The trial court denied his motion for a new trial. This appeal followed.

Appellant contends that his trial counsel, Roy Mays, did not competently represent him under the standards of *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1] and *People* v. *Fosselman* (1983) 33 Cal.3d 572 [189 Cal.Rptr. 855, 659 P.2d 1144]. Appellant further argues, aside from the quality of representation, that he was denied his Sixth Amendment right to counsel at trial because his attorney had been suspended from the practice of law for the nonpayment of dues and because his attorney's practice had been taken over by the superior court pursuant to and under the authority of Business and Professions Code[1] section 6190 et seq. pursuant to a decision of the State Bar Court which resulted in his attorney being enrolled as an inactive member of the State Bar of California pursuant to section 6007, subdivision (b)(2).

Appellant also asserts he was denied his Sixth Amendment right to counsel at his motion for a new trial because of a conflict of interest between himself and the public defender who was appointed to represent him.

## FACTS

On July 5, 1985, appellant was hitchhiking in the Fresno area when he was offered a ride from Ascension Olivarez. While traveling, the two consumed a large quantity of beer. Although the testimony is conflicting, the following events occurred thereafter: Appellant was taken to Olivarez's home in Fresno and to a local Denny's. At some point in time Olivarez placed his hand on appellant's crotch. At approximately 1 a.m. the two got into an argument and appellant struck Olivarez, rendering him temporarily unconscious, and appellant drove off in Olivarez's car. Olivarez reported the vehicle as stolen. Several hours later, while traveling in the Los Banos area, appellant fell asleep at the wheel and drove the car off the road into a ditch. The Highway Patrol was called to the scene and arrested appellant on suspicion of drunk driving. Appellant was tested for blood alcohol and registered a blood alcohol level of .08.

After appellant's conviction on September 18, 1985, appellant's deputy public defender, Attorney Roy Mays, disappeared and, so far as the record shows, has not been heard from since that date.

Appellant's sentencing was initially scheduled for October 16, 1985. However, on September 26, 1985, the public defender's office received a letter from the State Bar of California, dated September 23, 1985, which advised that: "1. The Supreme Court suspended Mr. Mays on July 10, 1984,

---

[1] Unless otherwise indicated, further statutory references will be to the Business and Professions Code.

for non-payment of dues. He was served by mail at his last known address. He was also personally served with the suspension on January 17, 1985.

"2. On April 26, 1985, the San Joaquin Superior Court issued an Order Assuming Jurisdiction of Law Practice. This action was taken pursuant to Business and Professions Code § 6190 *et seq*.

"3. On May 31, 1985, Mr. Mays was enrolled as an inactive member of the State Bar in accordance with Business and Professions Code Section 6007(b)(2)."

This letter, together with an order of the Superior Court of San Joaquin County dated and filed on April 26, 1985, assuming jurisdiction of Roy W. Mays's private law practice pursuant to section 6190 et seq., was called to the attention of the trial judge herein. Sentencing was thereupon continued to November 1, 1985, and the trial judge appointed Attorney James Haughy to determine what effect the status of Roy Mays had upon the instant case.

It appears that the order of April 26, 1985, taking over Mays's law practice was based upon the findings of fact and decision of the State Bar Court (proceeding 85-U-1-CC) which was before the Superior Court of San Joaquin County when it entered its order.[2] The State Bar Court entered its findings and decision after a noticed hearing at which Mays did not appear though personally served. Among its findings are: "13. There is probable cause to believe Respondent has become incapable of devoting the time and attention to, and providing the quality of service for, his law practice which is necessary to protect the interest of his clients, . . .

"14. There is probable casue [sic] to believe that the interests of Respondent's clients and other interested parties, will be prejudiced if the proceedings under Business and Professions Code Section 6190, *et seq.,* are not maintained.

". . . . . . . . . . . . . . . . . .

"17. There is probable cause to believe that Respondent has wilfully and intentionally abandoned his law practice and failed to protect the interests of his clients."

The court concluded that a section 6190 proceeding should be filed in the Superior Court of San Joaquin County, the county in which Mr. Mays was then maintaining his practice.

---

[2] Pursuant to Evidence Code section 459, this court, having given notice pursuant to Evidence Code section 455, takes judicial notice of the decision and findings of the State Bar Court, a certified copy of which is on file herein and has been supplied to the parties.

At the sentencing hearing the public defender sent Michael Fagalde to represent appellant. He made a perfunctory motion for a new trial without citing authority or making an argument on the ground of "the questionable status of Mr. Mays as an attorney licensed to practice."

Mr. Haughy recommended to the trial court that it hold the judgment to be void inasmuch as appellant had been represented by an attorney not duly licensed to practice law and who had been enrolled as an inactive member of the bar because of his "inability to protect the interests of his clients."

In denying the motion for a new trial, the court stated:

"THE COURT: ALL right. Again, the matter is one of first impression. From what I can gather, I somewhat analogize it to a person whose driver's license is expired and gets in an accident. The question becomes whether the fact his driver's license is not valid has any effect on his ability to drive. Not really a very close analogy, but—I'm satisfied here, Mr. Hinkley, that you got proper, adequate representation. The status of Mr. Mays is unclear to me. At the most I would say he was an inactive member of the Bar. And I'm not even satisfied of that, because the only date that I have was that occurred on May 31st and your trial was sometime after that.

"I deny the motion for new trial."

## DISCUSSION

■■■ We do not reach the issue of whether Mays was incompetent within the standards of *People* v. *Pope, supra,* 23 Cal.3d 412, and *People* v. *Fosselman, supra,* 33 Cal.3d 572,[3] because we hold that appellant was deprived of his Sixth Amendment right to competent counsel as a matter of law by reason of the findings of the State Bar Court and judgment of the Superior Court of San Joaquin County pursuant to section 6190, resulting in his enrollment as an inactive member of the State Bar of California pursuant to section 6007, subdivision (b)(2).

Respondent relies upon *People* v. *Medler* (1986) 177 Cal.App.3d 927 [223 Cal.Rptr. 401] as being determinative of this case. In *Medler,* the defendant

---

[3] Appellant vigorously argues that he was deprived of competent counsel because of the following alleged conduct of Mays: (1) that Mays performed no pretrial investigation and that he had been assigned to try the case only four days before trial; (2) his argument to the jury included a gross misstatement of the law, contradicted by the court's instructions; (3) he exercised little or no control over appellant's testimony and elicited damaging material; (4) he failed to link the victim's sexual advance upon appellant with appellant's mental state at the time that he took the victim's car; and (5) he permitted the giving of jury instructions to be bifurcated by closing arguments.

was represented by an attorney who competently represented the defendant though the attorney had been suspended from practice for nonpayment of State Bar dues. (See §§ 6125, 6117, 6143.) The defendant challenged the conviction, claiming that he had been denied effective assistance of counsel based upon the fact that he had been represented by one who was not authorized to practice law in the State of California. The majority of the appellate court affirmed the conviction and held that reversal is not warranted simply because counsel was on suspension for nonpayment of dues, but that it must be determined whether or not counsel's representation met the standard set forth in *People* v. *Pope* and *People* v. *Fosselman*. (*Id.,* at pp. 929-931.)

The court recognized that had the attorney been an admittedly competent layman masquerading as a qualified attorney the judgment would be reversed, whatever the quality of the representation. (*Id.,* at p. 930; see also *Huckelbury* v. *State* (Fla.App. 1976) 337 So.2d 400; *People* v. *Washington* (1976) 87 Misc.2d 103 [384 N.Y.S.2d 691, 68 A.L.R.2d 1134]; *People* v. *Cox* (1957) 12 Ill.2d 265 [146 N.E.2d 19]; *Baker* v. *State* (1912) 9 Okla.Crim. 62 [130 P. 820].)

Whatever the validity of *People* v. *Medler,* we are of the opinion that the case at bench is distinguishable.[4] In *Medler,* the suspension was due only to the individual's nonpayment of dues, which could be easily remedied by payment of the back dues and penalties. (§ 6143.) It even appears that the fees can be waived. (§ 6141.1.) This type of suspension does not go to the competency of counsel to represent litigants or the personal qualities of the attorney.

In vivid contrast, section 6190 proceedings are designed to reach the issue of competency. That section is found in article 12 of division 3, which is entitled "Incapacity to Attend to Law Practice—Jurisdiction of Courts." The section states: "The courts of the state shall have the jurisdiction as provided in this article when an attorney engaged in the practice of law in this state has, for any reason, including but not limited to excessive use of alcohol or drugs, physical or mental illness, or other infirmity or other cause, become incapable of devoting the time and attention to, and providing the quality of service for, his or her law practice which is necessary to

---

[4] In *Medler,* Presiding Justice White filed a dissent in which, among other things, he argues: (1) The majority opinion violates express legislative policy to assure maximum protection to litigants by the enactment of sections 6125 and 6143, conditioning the lawful practice of the law upon active membership in the State Bar. The dissent also discusses the fact that the practice of law while suspended is a misdemeanor (§§ 6126, 6128) and renders the attorney guilty of contempt of court (§ 6127). (2) For an attorney not to disclose to his client his lack of standing to practice law is a breach of his fiduciary duty to his client and a violation of his public trust.

protect the interest of a client if there is an unfinished client matter for which no other active member of the State Bar, with the consent of the client, has agreed to assume responsibility."

In addition to being suspended for nonpayment of dues on July 10, 1984, on May 31, 1985, before the trial of the instant case, Mr. Mays was enrolled as an inactive member of the State Bar of California pursuant to section 6007, subdivision (b)(2). Section 6007 is entitled "Involuntary treatment or confinement; enrollment as inactive member; restoration to capacity."

The entire section relates to enrollment of attorneys as inactive members who, for one reason or another, have become incompetent to represent clients and expressly provides for the reinstatement as an attorney only by order of the State Bar.

Specifically, section 6007, subdivision (b), states: "(b) The board shall also enroll a member of the State Bar as an inactive member in each of the following cases:

"(1) A member asserts a claim of insanity or mental incompetence in any pending action or proceeding, alleging his or her inability to understand the nature of the action or proceeding or inability to assist counsel in representation of the member.

"(2) The court makes an order assuming jurisdiction over the member's law practice, pursuant to Section 6180.5 or 6190.3.

"(3) After notice and opportunity to be heard before the board or a committee, the board finds that the member, because of mental infirmity or illness, or because of the habitual use of intoxicants or drugs, is (i) unable or habitually fails to perform his or her duties or undertakings competently, or (ii) unable to practice law without danger to the interests of his or her clients and the public. No proceeding pursuant to this paragraph shall be instituted unless the board or a committee finds, after preliminary investigation, or during the course of a disciplinary proceeding, that probable cause exists therefor.

"In the case of an enrollment pursuant to this subdivision, the board shall terminate the enrollment upon proof that the facts found as to the member's disability no longer exist and on payment of all fees required."

Thus, pursuant to section 6007, subdivision (b)(2), when the superior court assumed jurisdiction over Mr. Mays's law practice pursuant to section 6190, he became incompetent as a matter of law to represent clients.

Further evidence that an order or judgment entered against a defendant represented by an attorney in Mays's position may be set aside without regard to a showing on the merits is Code of Civil Procedure section 473.1.[5] Under that section, a client of an attorney whose practice has been taken over by the court pursuant to section 6190 et seq. may obtain relief from any judgment, order or other proceedings taken against him or her without any showing on the merits. The section expressly states: "No affidavit or declaration of merits shall be required of the moving party."

Consistent with this interpretation of the legislative intent in enacting section 6190 et seq. and section 6007, the State Bar Court made its findings of Mr. Mays's incompetency. (See p. 386, *ante.*)

Further, the Superior Court of San Joaquin County, acting pursuant to the directions contained in the findings of fact and decision of the State Bar Court, undertook section 6190 proceedings in which the court found: "2. Roy W. Mays has become incapable of devoting the time and attention to, and providing the quality of service for, his law practice which is necessary to protect the interest of his clients."

As a result of these proceedings the State Bar enrolled Mays as an inactive member pursuant to section 6007, subdivision (b)(2).

The legislative intent that a person enrolled under section 6007, subdivision (b), should not be permitted to practice law because of his incompetency appears clear. To hold otherwise would constitute judicial interference with the authority of the legislative branch to establish appropriate policy in this area.

Inherent in the attorney-client relationship are extensive ethical and professional obligations of an attorney to his client. Those obligations cannot be met by analogizing the performance of the attorney to one who drives an automobile with a suspended driver's license. A criminal defendant's right to be informed that his attorney has been found to be incompetent to practice law outweighs any inclination to affirm a judgment on the merits for judicial convenience.

---

[5] Code of Civil Procedure section 473.1 provides in pertinent part: "The court may, upon such terms as may be just, relieve a party from a judgment, order, or other proceeding taken against him or her, including dismissal of an action pursuant to Sections 581, 581a, or 583, where a court of this state has assumed jurisdiction, pursuant to Section 6180 or 6190 of the Business and Professions Code, over the law practice of the attorney for the party and the judgment, order or other proceeding was taken against the party after the application for the court to assume jurisdiction over the practice was filed. Application for this relief shall be made within a reasonable period of time, in no case exceeding six months, after the court takes jurisdiction over the practice."

In *McGregor* v. *State Bar* (1944) 24 Cal.2d 283, 288 [148 P.2d 865], the Supreme Court stated: "'The right to practice law not only presupposes in its possessor integrity, legal standing and attainment, but also the exercise of a special privilege, highly personal and partaking of the nature of a public trust. . . .'" (*Ibid.*; citing *Townsend* v. *The State Bar* (1930) 210 Cal. 362, 364 [291 P. 837].)

■ A criminal defendant has a right to participate meaningfully in his defense and in making important decisions. To exercise those rights, he necessarily has the right to receive important information from his attorney. ■ The failure of Mays to advise appellant of the State Bar and section 6190 et seq. proceedings deprived appellant of his right to participate meaningfully in the case and amounted to a violation of Mays's professional responsibility to supply important information to his client. In this instance, for example, it deprived appellant of the important right to move to have Mays replaced or to represent himself. Attorney Mays's concealment of that information placed the attorney's employment and financial rewards above the interests of his client and destroyed the fiduciary relationship with the client.

It is important that not only there is in fact fairness in the judicial system but that the appearance of fairness to the accused be maintained in order to sustain public confidence in the system. (*People* v. *Conner* (1983) 34 Cal.3d 141, 146 [193 Cal.Rptr. 148, 666 P.2d 5]; see also *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182 [137 Cal.Rptr 460, 561 P.2d 1148].) ■ For example, the deprivation of the right to private counsel of one's choice requires reversal regardless of whether in fact the defendant had a fair trial. (*People* v. *Gzikowski* (1982) 32 Cal.3d 580 [186 Cal.Rptr. 339, 651 P.2d 1145]; see also *People* v. *Byoune* (1966) 65 Cal.2d 345 [54 Cal.Rptr. 749, 420 P.2d 221], and *People* v. *Crovedi* (1966) 65 Cal.2d 199 [53 Cal.Rptr. 284, 417 P.2d 868.)

■ A conviction obtained in a proceeding in which the defendant was represented by an attorney who the State Bar and a superior court has determined to lack the capacity to represent clients reeks with the appearance of unfairness and should not be allowed to stand.

Appellant also contends that he had ineffective assistance of counsel at the time of the sentencing hearing where Michael Fagalde, another employee of the public defender's office, who was appointed to represent appellant, made a perfunctory and undeveloped motion for a new trial based upon Mr. Mays's "questionable status . . . as an attorney licensed to practice."

Appellant asserts that there was a conflict of interest between appellant and the public defender's office arising out of their appointment of Roy

Mays that prevented the new deputy public defender, Michael Fagalde, from adequately representing appellant's interests and that the trial court should have appointed new counsel to represent him for the purpose of the motion for a new trial because of the conflict of interest.

Because we reverse on other grounds, we need not reach this issue but point out in passing that the public defender, having been responsible for assigning Mr. Mays to represent appellant, through another of his employees, could not be expected to exacerbate his mistake by vigorously pursuing a motion for a new trial based upon the public defender's mistake in originally assigning Mays to the defense of appellant. It appears that the principles of *People* v. *Stewart* (1985) 171 Cal.App.3d 388 [217 Cal.Rptr. 306] probably required that the trial court appoint new outside counsel to represent appellant on his motion for a new trial.[6]

The judgment is reversed.

Martin, J., and Ballantyne, J., concurred.

---

[6] As we interpret the record, respondent's argument that Mr. Haughy represented the defendant for this purpose is inaccurate. It is belied by Mr. Haughy's own statement: "Your Honor, I was appointed by the court for the very limited purpose of trying to ascertain what, if any, affect [*sic*] the status of Roy Mays had on the proceedings. So I'm supposed to be objective in these things. I'm not supposed to give a darn one way or the other."