**STATE of Minnesota, Respondent,**

v.

**Lester Lee SMITH, Appellant.**

**No. CX–90–539.**

Court of Appeals of Minnesota.

Jan. 8, 1991.

Review Granted March 6, 1991.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin County Atty., Michael Richardson, Asst. County Atty., Minneapolis, for respondent.

John M. Stuart, Minn. State Public Defender, Marie L. Wolf, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by SCHUMACHER, P.J., and PARKER and KLAPHAKE, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant Lester Lee Smith sought review of his conviction for unlawful possession of a schedule II narcotic controlled substance, alleging denial of his sixth amendment right to effective assistance of counsel, invalid arrest, and prosecutorial misconduct. The trial court upheld the jury verdict and denied appellant's motion for a new trial. We affirm.

## FACTS

After observing suspicious activities by appellant at an apartment building known by police to be a "crack house," Minneapolis police officers decided to arrest him for the misdemeanor offense of loitering with intent to distribute narcotics. The Minneapolis Police Department's high risk crack team stormed the apartment building in order to effect the arrest. When the police entered the building, appellant ran up the stairs and into an apartment where an officer observed him drop some drugs. Appellant was arrested and subsequently charged with the felony offense of unlawful possession of a schedule II narcotic controlled substance in violation of Minn. Stat. § 152.09, subd. 1(2) (1988).

The jury trial commenced on August 14, 1989. During the trial on August 16, 1989, appellant's attorney Clark Isaacs was suspended from the practice of law, pending final determination of disbarment proceedings. The disciplinary action against Isaacs had been heard by a referee on July 11, 1989. On July 31, 1989, the referee had recommended disbarment and pursuant to Rule 16(e), Rules on Lawyers Professional Responsibility, that Isaacs be immediately suspended pending final determination of disciplinary proceedings. According to the Office of Lawyers Professional Responsibility, they notified Isaacs of the referee's recommendations on August 2, 1989. On August 4, 1989, Isaacs' attorney sent a letter to Justices Popovich and Kelley requesting a stay of suspension. According to Isaacs, his attorney advised him that he could practice law until the supreme court replied to his request. The supreme court denied the request and ordered Isaacs suspended in an order dated August 16, 1989. The order provided that Isaacs be suspended as of the date of the order. It did not make the suspension retroactive from the date of the referee's recommendation. According to Isaacs' attorney, however, he was not informed of Isaacs' suspension until August 18, and he was unable to reach Isaacs to inform him of the suspension until about noon on that day, after the jury in appellant's trial had already begun deliberating. Isaacs informed appellant and the

court of his suspension on the afternoon of August 18. Later that day, the jury returned a verdict of guilty.

The trial court appointed the Hennepin County Public Defender's Office to represent appellant for sentencing and post-verdict motions. Appellant moved for a new trial, alleging he was denied his sixth amendment right to effective assistance of counsel, his arrest was invalid because the police did not have probable cause to arrest him for loitering with intent to distribute narcotics, and he was entitled to a new trial because of prosecutorial misconduct. The trial court denied appellant's post-trial motions and he appealed.

## ISSUES

1. Was appellant denied his sixth amendment right to effective assistance of counsel where his attorney was suspended during trial, or because the attorney was not reasonably competent?

2. Was appellant's arrest invalid because the police did not have probable cause to arrest him?

3. Is appellant entitled to a new trial because of prosecutorial misconduct?

## ANALYSIS

### 1. EFFECTIVE ASSISTANCE OF COUNSEL

■ Appellant argues he was denied his sixth amendment right to effective assistance of counsel because his attorney was suspended during the course of his trial and his attorney was not reasonably competent. The Second Circuit has ruled it is a per se violation of the sixth amendment where the defendant received representation from someone not authorized to practice law. *Solina v. United States,* 709 F.2d 160, 167 (2d Cir.1983). This decision, however, is limited to the fact situation where the person representing the defendant is not admitted to practice law. It does not apply to the situation, as here, where the person representing the defendant was admitted to practice law, but was suspended. The Second Circuit has clearly

distinguished between cases which involve a person who was never properly admitted to practice law, and an attorney who was disbarred. *United States v. Novak*, 903 F.2d 883, 888–89 (2d Cir.1990). The Ninth Circuit has held:

> the fact that an attorney is suspended or disbarred does not, without more, rise to the constitutional significance of ineffective counsel under the Sixth Amendment. Rather, a defendant must ordinarily point to specific conduct which prejudiced him in order to raise the constitutional claim.

*United States v. Mouzin*, 785 F.2d 682, 696–97 (9th Cir.1986). Appellant must show something more than the mere fact that his attorney was suspended in order to establish a violation of his sixth amendment right to effective assistance of counsel. There is no presumption of inadequate representation upon an attorney's suspension. While this court does not condone an attorney practicing law while under suspension, even if Isaacs was technically suspended, appellant still has the burden to show inadequate representation which prejudiced the defense.

▪ Appellant contends his attorney's pending disbarment created a conflict of interest between attorney and client. The United States Supreme Court has stated:

> In order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance.

*Cuyler v. Sullivan*, 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). In *Cuyler*, the Supreme Court further provided:

> a defendant who shows that a conflict of interest actually affected the adequacy of his representation need not demonstrate prejudice in order to obtain relief. But until a defendant shows that his counsel actively represented conflicting interests, he has not established the constitutional predicate for his claim of ineffective assistance.

*Id.* at 349–50, 100 S.Ct. at 1719 (citation omitted).

▪ Appellant has not shown any conduct which created an actual conflict of interest. The mere fact that appellant's attorney may have been distracted by his pending suspension does not rise to the level of a conflict of interest. Appellant must show specific conduct by his attorney which prejudiced his case in order for the court to find a violation of a sixth amendment right.

▪ Appellant argues he was denied effective assistance of counsel because his attorney was not reasonably competent. Appellant bears the burden of proving his attorney was not reasonably competent. *Marhoun v. State*, 451 N.W.2d 323, 328 (Minn.1990). The United States Supreme Court has established a two-part test to determine whether to grant a new trial on the ground of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claims." *Id.* at 700, 104 S.Ct. at 2071. Minnesota has adopted this two-part test in *Gates v. State*, 398 N.W.2d 558, 561 (Minn. 1987).

▪ Appellant claims Isaacs did not adequately investigate the case. At the pre-trial hearing, Isaacs was prepared to waive *Rasmussen* issues regarding the stop, arrest, and statements made by appellant to the police because he mistakenly was under a misapprehension that the state had no statements to offer at trial. How-

ever, when Isaacs was informed that the contrary was true, he demanded and was granted a *Rasmussen* hearing. We find no deficiency in this respect. Appellant also claims Isaacs' performance was deficient because Isaacs did not locate beneficial witnesses. The only evidence supporting this allegation is an affidavit submitted by appellant which did not satisfactorily identify any beneficial witnesses. Isaacs contacted one potential witness who could not testify at trial because of her own legal problems. Although Isaacs was unable to locate any beneficial witnesses to testify, he extensively cross-examined the prosecution's witnesses.

Even if appellant is able to show that his attorney's performance was deficient, he must further show that the deficient performance prejudiced the defense. This he has failed to do.

## 2. PROBABLE CAUSE FOR A VALID ARREST

■ Appellant argues the police did not have probable cause to arrest him for loitering with intent to distribute narcotics. The test of probable cause to arrest is whether the objective facts are such that under the circumstances "a person of ordinary care and prudence [would] entertain an honest and strong suspicion" that a crime has been committed. *State v. Johnson,* 314 N.W.2d 229, 230 (Minn.1982) (quoting *State v. Carlson,* 267 N.W.2d 170, 173 (Minn.1978)). This court has held that an officer may rely upon his training and experience to draw inferences and make deductions which establish probable cause. *State v. Skoog,* 351 N.W.2d 380, 381 (Minn.App.1984).

■ Based on the facts of this case, we conclude that there was probable cause for the police to arrest appellant for loitering with intent to distribute narcotics.

## 3. PROSECUTORIAL MISCONDUCT

■ Appellant argues he is entitled to a new trial because of prosecutorial misconduct.

[T]he test to be applied in determining whether the prosecutor overstepped the bounds of propriety to the extent requiring reversal is whether the statements likely played a substantial role in influencing the jury's decision. The mere fact that prosecutorial misconduct has occurred during the course of a trial does not, in and of itself, require a new trial.

*State v. Scruggs,* 421 N.W.2d 707, 715–16 (Minn.1988) (citations omitted). The court must consider whether the prosecutor's improper statements "were so egregious as to justify a new trial." *State v. Ture,* 353 N.W.2d 502, 516 (Minn.1984).

■ Although some of the prosecutor's remarks were improper, the crucial issue is whether those statements were so prejudicial that appellant's right to a fair trial was denied. The decision whether a new trial should be granted because of prosecutorial misconduct rests within the discretion of the trial court. *Scruggs,* 421 N.W.2d at 716. We cannot say the trial court abused its discretion in refusing to grant a new trial because of prosecutorial misconduct.

## DECISION

The trial court properly denied the motions for a new trial following appellant's conviction for unlawful possession of a schedule II narcotic controlled substance.

Affirmed.

PARKER, Judge (dissenting).

I respectfully dissent.

The sixth amendment provides: "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

"[A]ssistance of counsel is among those 'constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.'" *Holloway v. Arkansas,* 435 U.S. 475, 490, 98 S.Ct. 1173, 1181–82, 55 L.Ed.2d 426 (1978) (quoting *Chapman v. California,* 386 U.S. 18, 23, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967)).

Persuasive authority exists for the proposition that the sixth amendment guaran-

tee of counsel means representation by a licensed practitioner. *Solina v. United States*, 709 F.2d 160, 167 (2d Cir.1983) (per se violation of the sixth amendment where the defendant in a criminal case receives representation from "someone not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as a failure to pass a bar examination, or want of moral character") (citing *Huckelbury v. State*, 337 So.2d 400 (Fla.App.1976)).

In an analogous case, the California Court of Appeals found a sixth amendment violation and vacated the defendant's conviction where an attorney was placed on an "inactive" attorneys list prior to defendant's trial pursuant to a state law provision directed toward attorneys who had become incompetent to represent clients. *People v. Hinkley*, 193 Cal.App.3d 383, 387, 238 Cal.Rptr. 272, 275 (1987).

Rule 16(e) of the Minnesota Rules on Lawyers Professional Responsibility (1990) authorizes automatic interim suspension when the referee recommends disbarment, unless the referee or the court directs otherwise:

> **(e) Interim Suspension.** Upon a referee disbarment recommendation, the lawyer's authority to practice law shall be suspended pending final determination of the disciplinary proceeding, unless the referee directs otherwise or the Court orders otherwise.

On July 31, 1989, the referee recommended that Isaacs be disbarred for his repeated and numerous professional violations. The referee did not direct, nor did the supreme court order, otherwise. Consequently, Isaacs was suspended from the practice of law as of July 31, 1989. He was not authorized to practice law when his client's trial began August 14, 1989.

Under such circumstances, when an attorney's license is suspended for substantive reasons rather than for mere technicalities (e.g., not paying a license fee) and the attorney practices law while his license is suspended, a presumption must arise that the representation is inadequate. This presumption should be rebuttable by a two-part showing:

(1) that representation was in fact adequate; and

(2) the case against the client is strong.

Despite the trial court's observation, the record indicates that Isaacs' representation was inadequate. He did not investigate his client's case adequately; he did not conduct reasonable discovery; he did not call any witnesses; he failed to object to the introduction of damaging evidence; he provided no argument on the significance of discrepancies in the testimony of state's witnesses; and he did not reveal to his client that he (Isaacs) was under suspension. It appears doubtful that the state could make a showing of adequacy. It appears beyond question that Isaacs was distracted by his own problems.

The evidence against Smith seems meager. The prosecution depended on the credibility of a single witness, the case turning entirely on Sergeant Grates' contention that he saw Smith drop the cocaine in a hallway of the apartment building. The theory of the defense was that the police pursued Smith as a pretext for a warrantless entry into a known "crack house." Other potential owners of the cocaine were apparently present in the apartment, but Sergeant Grates failed to report their presence. Issacs did not, however, advise his client to testify. Thus, Sergeant Grates' testimony was uncontroverted, though uncorroborated by other testimony.

Assistance of counsel is mandated by the sixth amendment because lawyers "are the means through which the other rights of the person on trial are secured" and through which the prosecution's case is subjected to "meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 653, 654, 657, 104 S.Ct. 2039, 2043, 2044, 2046, 80 L.Ed.2d 657 (1984). This testing appears to have been singularly absent in Smith's defense.

"[A]ccess to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled."

*Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Isaacs lent little, if any, skill or knowledge to his client. In light of both Isaacs' omissions and the minimally sufficient evidence produced against Smith, Isaacs' representation constitutes ineffective assistance of counsel.